Tronieri Unemployment Compensation Case.

Argued March 21, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*M. C. Rainone,* for appellant.

*Richard H. Wagner,* with him *William L. Hammond,* Special Deputy Attorney General, and *T. McKeen Chidsey,* Attorney General, for appellee.

*Francis F. Hope, Jr.,* with him *Fox, Rothschild, O'Brien & Frankel,* for employer, intervenor.

PER CURIAM, April 14, 1949:

This is an unemployment compensation case in which the bureau, the referee, and the Unemployment Compensation Board of Review disallowed compensation. The claimant has appealed from a decision of the board.

It was claimant's contention that she was discharged; the position of the employer was that she voluntarily quit work without good cause. This factual issue has been resolved against claimant.

The board found that claimant had not been discharged, and that she did not use due diligence to maintain her employment relationship. The board determined that claimant left her employment voluntarily without good cause, and that she was ineligible for benefits. See section 402 (b) of the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, § 402 (b), as last amended by the Act of June 30, 1947, P. L. 1186, § 2, 43 PS § 802 (b).

The question presented on this appeal, where the decision of the board is against the party having the burden of proof, is whether the board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence. *Lavely Unemployment Compensation Case*, 163 Pa. Superior Ct. 66, 67, 60 A. 2d 352.

Claimant had been employed off and on by Bayuk Cigars, Inc., over a period of twenty years. The last day on which she worked for that employer was March 26, 1948, which was Good Friday. On Monday, March 29th, claimant did not return to work because her four-year-old daughter was ill and required her attention. She did not at that time notify her employer because she assumed that on Easter Monday most of the employees would be absent. On the following day, Tuesday, March 30th, claimant telephoned her foreman and reported to him that her child was sick. She said that she would

call again when the child was better. Claimant gave two versions of the foreman's reply. Before the referee she testified that he told her that it would be unnecessary for her to call again. Before the board she stated that he told her not to bother, that she was "done." The foreman testified that he told claimant that if her child was sick he would not expect her to report for work. On Thursday, April 1st, the child's condition improved, and the next day, Friday, April 2d, claimant took the child with her to the place of employment to collect her pay. She did not intend to work that day, but she testified that she intended to report the following Monday, April 5th. The foreman was busy at the time and he was unable to talk to her. Claimant testified that she thereupon assumed she had been discharged. She further testified that on Monday, April 5th, she telephoned the foreman and told him that she was going to the compensation office, and that he replied "take that up with the office." The foreman testified that when claimant told him she was going to take the matter up with the compensation authorities, he told her to get in touch with the personnel office. This the claimant did not do. The foreman further testified that he had no intention of discharging the claimant, that she had not been discharged, and that her assigned work was available.

We have said in cases of this type that the credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn therefrom are for the board; and that the duty of this Court is performed by studying the testimony in the light most favorable to the party in whose favor the board has found, giving that party the benefit of every inference which can be logically and reasonably drawn from it. *Stillman Unemployment Compensation Case*, 161 Pa. Superior Ct. 569, 575, 56 A. 2d 380. In the present case, claimant seeks to excuse her failure to go to her employer's per-

sonnel office by stating that she misunderstood the meaning of the word "office" as used by the foreman. As the board's findings are fully sustained and warranted by substantial and competent evidence, its decision must be affirmed. Moreover, it appears from the record that claimant did not go to any office until April 21st, two and one-half weeks after the conversation in question, the date on which she applied for unemployment compensation. It can be said that claimant's conduct was not consistent with the good faith and diligence necessary to support a claim for unemployment compensation. *Brilhart Unemployment Compensation Case,* 159 Pa. Superior Ct. 567, 569, 49 A. 2d 260.

Decision is affirmed.