# Frederickson Unemployment Compensation Case.

Argued November 15, 1950. Before HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (RHODES, P. J., absent).

*Morris Zimmerman,* with him *Harold Lavine,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General and *Roland M. Morgan,* Associate Counsel, for appellee.

OPINION BY GUNTHER, J., January 12, 1951:

In this unemployment compensation proceeding, claimant appeals from disallowance of benefits for

weeks ending October 7 and 28, 1949. Claimant made claim for benefits for weeks ending October 7, 14, 21 and 28, 1949. The bureau disallowed benefits for all four weeks; the referee affirmed the bureau and disallowed benefits for weeks ending October 14 and 21, but reversed the bureau and allowed benefits for the weeks ending October 7 and 28, 1949. On appeal, the board affirmed the decision of the referee regarding weeks ending October 14 and 21, 1949, but reversed the referee and disallowed benefits for weeks ending October 7 and 28, 1949, on the ground that claimant's unemployment was due to a stoppage of work resulting from a strike, and thus ineligible for benefits pursuant to section 402(d) of the Unemployment Compensation Law. The present appeal is, therefore, restricted to the complaint regarding disallowance of benefits for weeks ending October 7 and 28, 1949.

Claimant was an employe of the Jones and Laughlin Steel Corporation, and was employed as a rougher in the rod department. From October 1, 1949, to November 8, 1949, the plant of the employer was closed due to a strike called by the United Steel Workers of America, a labor organization of which claimant is a member. For several months prior to the stoppage of work, claimant had worked an irregular schedule in his regular work, usually two weeks of work (of five days each), and one week of idleness. However, during the weeks when no work was available for him in his regular job, he could have had five days work at other assignments, had he reported to the labor reserve. This labor reserve is a department set up within the employer's employment department to assign to other departments in the plant workers who have been temporarily or permanently laid off in their regular job.

Claimant is a member of the organization which brought about the stoppage of work, and is clearly disqualified under the specific provisions of section

402(d). Claimant contends, however, that his unemployment every third week was not "due to" a stoppage of work brought about by the strike, but on the contrary was "due to" a lack of work in the rod department; that the pattern of his employment as indicated (two weeks work and one week of idleness) during several months preceding the strike, establishes that the one week of idleness would have continued even if no strike had been called; that, therefore, for the weeks ending October 7 and 28, he would have been unemployed because of lack of work and not because of a stoppage of work resulting from the strike. This raised a question of fact for the board as to whether claimant could have had work during the weeks he had no work at his regular job in the rod department by applying for work under the labor reserve program of the employer. The evidence on this point was conflicting and contradictory. The employer's witnesses testified that claimant was assigned to the labor reserve during the months of July, August and September 1949, but there was "no record of him reporting", although there was evidence that men who reported to the labor reserve did "receive work for that period". There was testimony by employer's employment manager that had claimant reported to the labor reserve, work would have been available for him during August and September 1949; that he "would have had the other week if he had reported to the labor reserve". The board resolved this conflict in the testimony adversely to claimant, and made the following finding of fact which, being based upon substantial and credible testimony is binding on appeal: "3. For several months prior to the stoppage of work, claimant, had been working an irregular schedule in his regular work, usually two weeks of work (of five days each) and one week of idleness. However, during the weeks when no work was available for him in his regular job he could have had five days work at other assign-

ments had he reported to the labor reserve." What testimony is credible is a matter for the consideration of the board. *Tronieri Unemployment Compensation Case,* 164 Pa. Superior Ct. 435, 65 A. 2d 426. In unemployment compensation cases, the credibility of witnesses, the weight of their testimony and the reasonable inferences to be drawn therefrom are for the board; and the duty of the appellate court is performed by studying the testimony in a light most favorable to the party in whose favor the board has found, giving that party the benefit of every inference logically and reasonably to be drawn from it. *Stillman Unemployment Compensation Case,* 161 Pa. Superior Ct. 569, 575, 56 A. 2d 380. *Tronieri Unemployment Compensation Case,* supra.

Decision affirmed.