Goldstein Unemployment Compensation Case.

Argued November 14, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Sonja J. Goldstein*, appellant, in propria persona.

*Sydney Reuben*, Assistant Attorney General, with him *David Stahl*, Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WOODSIDE, J., December 14, 1961:

This is another unemployment compensation case involving §402(a) of the Unemployment Compensation Law, 43 P.S. §802(a) which provides: "An employe shall be ineligible for compensation for any week—(a) In which his unemployment is due to failure, without good cause . . . to accept suitable work when offered to him by the employment office . . ."

The claimant had been employed as a dietitian by the Industrial Food Service, Pittsburgh. Her last day

of work was July 16, 1960. On August 22, 1960, she discussed with the local office a job referral to the Allegheny County Department of Public Health. Thereafter, she did not contact the prospective employer.

The bureau denied further benefits to the claimant. The referee reversed this decision on the basis that the claimant had never accepted the referral. This decision was reversed by the board which found that claimant had accepted the referral and did not report to the prospective employer.

"Where the decision of the board is against the claimant, the question for us is whether the board's findings of fact are consistent with each other and with its conclusion of law and its order, and whether the decision can be sustained without a capricious disregard of the competent evidence. Tronieri Unemployment Compensation Case, 164 Pa. Superior Ct. 435, 436, 65 A. 2d 426 (1949)." *Mettetal Unemployment Compensation Case*, 187 Pa. Superior Ct. 291, 293, 144 A. 2d 586 (1958).

We find no difficulty in upholding the board's decision in this case. Miss Mitchell, an employment service interviewer, testified: "In the discussion of the job duties [the claimant] stated she thought she was pregnant. She was not sure. We discussed whether or not she should accept the referral and since she did not know, *she accepted the referral.* On the 8th of September, when I checked with Miss Hatch of the Allegheny County Department of Public Health [the claimant], had not applied." (Emphasis supplied.) Immediately following the above statement by Miss Mitchell, the claimant was asked "are those the facts?" to which she replied "Yes".

This evidence supports the findings of the board. The claimant was properly disqualified from further benefits under §402(a) of the Unemployment Compensation Law, 43 P.S. §802(a).

Decision affirmed.