Lavely Unemployment Compensation Case.

Lavely, Appellant, *v.* Unemployment Compensation Board of Review.

Argued April 13, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*H. Ray Pope, Jr.,* for appellant.

*Roland M. Morgan,* with him *William L. Hammond,* Special Deputy Attorney General, *T. McKeen Chidsey,* Attorney General, *R. Carlyle Fee,* Special Deputy Attorney General and *Richard H. Wagner,* for appellee.

OPINION BY RENO, J., July 23, 1948:

This appeal underscores the statement in *Stillman Unemployment Compensation Case,* 161 Pa. Superior

Ct. 569, 575, 56 A. 2d 380: "These principles governing appellate review of the decisions of administrative agencies were largely developed in workmen's compensation cases, a comparable area of the law, and are applicable to appeals from the Unemployment Compensation Board of Review."

The board found against claimant, appellant here, and disqualified him for four weeks following the one week waiting period, holding that his unemployment during that period was due to his voluntary suspension of work in an industrial dispute.

In a workmen's compensation case, *Walsh v. Penn Anthracite Mining Co.*, 147 Pa. Superior Ct. 328, 333, 24 A. 2d 51, where a similar procedural situation prevailed, this Court said: "Where the decision of the board is against the party having the burden of proof—in this case, the claimant—bearing in mind that a trier of fact is not *required* to accept even uncontradicted testimony as true (District of Columbia's Appeal, 343 Pa. 65, 79, 21 A. 2d 883, 890) the question before the court is whether the board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence. Unless the answer is in the negative, the order must be affirmed." The court found the findings inconsistent with each other and upon that point said, p. 334: "But in such case it is not the duty of the *court* to decide which *findings* are to govern the case, but to refer the matter back to the board to make consistent findings and appropriate conclusions of law, and to enter an order in conformity with such findings and conclusions."

These principles control the instant case. Admittedly, there was an industrial dispute at the plant where appellant was employed, and the question presented to the board was whether appellant's unemployment was due to his own decision or to an action of the employer.

*Stillman Unemployment Compensation Case,* supra, p. 573.

The referee's first finding of fact affirmed by the board is: "1. The claimant was last employed by Climax Fire Brick Company of Climax, Pennsylvania, as a brick molder, at which plant he had been employed some 52 years. His last day of work was May 1, 1947, *when he was told by his foreman that there would be no more work for him until further notice."* (Emphasis supplied.) That finding means that the suspension of work was due to an action of the employer.

The referee's tenth finding of fact affirmed by the board is: "10. On May 5, 1947, the entrance gates were open, work was available for the men and if any had reported for work they would have been employed. *After that date, the employer locked up the plant for protection but any employe really wanting to return to work could have gained admittance. None applied during the period the plant was closed."* (Emphasis supplied.) That means that the suspension was due to the employe's decision.

These findings face both ways, and are obviously inconsistent. From other findings, which need not be reproduced verbatim, it appears that the labor union, of which appellant was a member, following the War Labor Disputes Act, had given a thirty-day strike notice to the employer "which expired on May 4, 1947", and that (Finding No. 7) appellant and other employes "were laid off on May 1 and 2, as their services were not needed in view of the plant closing two or three days later." Unless it can be said that the strike notice in itself constituted a voluntary suspension of work, this is another finding that appellant's suspension was due to the decision of his employer.

No finding definitely reconciles these contradictory viewpoints. Furthermore, there is no finding of the ultimate fact, a finding that clearly answers the question of fact before the board: Was appellant's unemployment

due to his decision or to an action of the employer? The board attempted to supply the deficiency and to harmonize the findings by a conclusion of law which, since we are not bound by the labels which administrative agencies attach to their determinations, might have been reviewed as a finding of fact. *Carville v. Bornot & Co.*, 288 Pa. 104, 135 A. 652; *Wahs v. Wolf*, 157 Pa. Superior Ct. 181, 42 A. 2d 166. However, it is based, as we shall show, upon a fallacy, and it cannot be approved either as a conclusion of law or a finding of fact. In short, taken as a whole, the findings of fact do not adequately respond to the factual issue.

The board's ultimate conclusion of law and its order rest upon the legal right of one party to a contract to declare it breached upon notice from the other that he will not perform his promise. We lay to one side the debatable question whether ancient contractual and property concepts, such as anticipatory repudiation of contracts and equitable estoppel, to which reference is also made in the decision, should govern controversies arising in this new and distinctive field of the law. Nor is it necessary to decide now whether a strike notice delivered pursuant to the Smith-Connally Act is an unlawful repudiation of a contract, warranting an employer to declare that the contract of employment has been breached. The point is that the notice could not possibly have been a repudiation of an existing contract. The board affirming the referee's fourth finding, and in its own second additional finding, distinctly found that under its own terms the existing contract expired on April 30, 1947. The strike notice was therefore not a repudiation of a contract whose obligations extended beyond the period covered by the notice, and at most amounted to the announcement that upon the expiration of the existing contract it would not be renewed upon the same terms. Hence the conclusion of law, even if sound, is not based upon the findings of fact, and is inconsistent with them.

The inconsistencies of the findings with each other, and between the findings and conclusions, require us, following the *Walsh* case, supra, p. 335, to reverse the decision and remit the record with instructions to review all the evidence, taking additional evidence if deemed advisable, and to formulate consistent and adequate findings on all the factual questions raised by the controversy and on the basis of those facts to draw proper conclusions of law.

The decision is reversed and the record is remitted to the board for further proceedings consistent with this opinion.