Opinion by
 

 Rhodes, P. J.,
 

 This is an appeal by claimant, Carl W. Franke, from the decision of the Unemployment Compensation Board of Review, disallowing claim for unemployment compensation benefits. The decision of the board relates to approximately 222 similarly situated claimants. Appellant and the other claimants were employed by the Pittsburgh Motor Coach Company as bus drivers in September, 1946. They were members of Division 1084, Amalgamated Association of Street, Electric Railway and Motor Coach Employes of America. The buses of Pittsburgh Motor Coach Company were maintained and repaired, under contract, by employes of the Equitable Auto Company at three different garages (Lexington Avenue, Denny Street, and North Side) of Pittsburgh Motor Coach Company in the Pittsburgh area. The employes of Equitable Auto Company were members of an independent union; this was the same union of which the employes of the Duquesne Light Company were members.
 

 On or about September 24, 1946, the employes of the Equitable Auto Company and the Duquesne Light Company went on a strike; this continued through October 14,1946, the date claimants returned to work. Employes of Equitable Auto Company appeared as pickets at the three garages of Pittsburgh Motor Coach Company on September 24, 25, 26,1946. It is conceded that claimants became unemployed between September 24 and October 14, 1946, as a result of an industrial dispute between the Pittsburgh Motor Coach Company and the mainte
 
 *254
 
 nance employes of Equitable Auto Company. No dispute of any kind existed between the members of Division 1084 and Pittsburgh Motor Coach Company.
 

 Claimants registered for work and filed applications for benefits for weeks ending October 3 and 10, 1946. The bureau, on January 12, 1949, decided that the claims for these weeks were valid, and that claimants were not subject to the disqualification period provided in section 402 (d) of the Unemployment Compensation Law, as amended by the Act of April 23, 1942, P. L. 60, §4, and the Act of May 29, 1945, P. L. 1145, §9.
 
 [1]
 
 See 43 PS §802 for further amendments. The bureau applied its decision in favor of appellant to the other employes of Pittsburgh Motor Coach Company who had filed for unemployment compensation benefits. On January 18, 1949, Pittsburgh Motor Coach Company, acting through its trustees, appealed from the decision of the bureau. In order to facilitate disposition of the appeal, the board assumed original jurisdiction by its order of February 23, 1949. After hearing, the board on July 13, 1949, reversed the bureau and disallowed the claims on the ground that claimant’s unemployment was due to a voluntary suspension of work resulting from an industrial dispute within the meaning of section 402 (d) of the. Unemployment Compensation Law, as amended by the Acts of 1942 and 1945. The board excepted from
 
 *255
 
 its order the claim of Charles Yon Kaenel, a member of the same group of claimants and of Division 1084, whose rights had been adjudicated previously.
 
 Von Kaenel Unemployment Compensation Case,
 
 163 Pa. Superior Ct. 173, 60 A. 2d 586.
 

 The board found that the picketing by the employes of Equitable Auto Company on September 24, 25, 26, 1946, at the three garages of the Pittsburgh Motor Coach Company did not effectually interfere with the regular removal of buses. On September 27, 1946, no buses were removed from the Lexington Avenue garage, a few left Denny Street, and from North Side they were removed without incident. In its sixth finding of fact the board found that on September 26, 1946, the business agent of Division 1084, of which appellant and all the other claimants were members, informed Pittsburgh Motor Coach Company that he had determined to follow the same policy as Division 85 of the same parent union, the members of Division 85 at the time having discontinued the operation of street cars. The board’s seventh finding is that on September 28, 1946, at a combined meeting of Division 1084 and Division 85, it was determined to respect established picket lines, and that the officers of both divisions informed Pittsburgh Motor Coach Company “that the combined membership had voted against the operation of buses and street cars until pickets were removed from the company property.” On October 14, 1946, pursuant to a vote, the members of Division 1084 returned to work, and, although pickets were still present at the respective garages, buses were removed without difficulty. The board’s eleventh and final finding of fact is as follows: “The unemployment of the claimants herein involved during the period in question was not due to their being prevented from removing buses by the pickets present, but to their unwillingness to make a reasonable effort
 
 *256
 
 to cross tlie picket line or to their desire to respect such lines.”
 

 Appellant’s argument that the evidence does not support the board’s finding that the stoppage or cessation of work by claimants was voluntary is without merit. The testimony shows clearly that the membership of Division 1084 and Division 85 on September 28, 1946, voted against operating the services until the picket lines at the garages and on other company property were removed. The commercial manager of Pittsburgh Railways Company and Pittsburgh Motor Coach Company testified that there were no signs of physical violence throughout the strike period. Claimants’ own witness stated that, notwithstanding the verbal protest of the pickets, on the morning of September 24, 1946, the buses were taken out of the Lexington Avenue garage without incident. The testimony also establishes that claimants had no trouble with the existing picket lines when they returned to work on October 14, 1946. There was testimony that at one time pickets stood in front of the buses at some of the garages, but there is no evidence in the record of actual or probable violence. Where the bus drivers persisted they encountered no difficulty with the picket lines. The board’s findings that there was no violence or serious threats of violence, and that claimants’ failure to operate the buses Avas not due to physical compulsion but to the voluntary decision on the part of claimants not to cross the picket lines of the striking union are supported by competent and substantial evidence. Section 510 of the Act of December 5, 1936, P. L. (1937) 2897, 43 PS §830, provides that the findings of the board, if supported by the evidence and in the absence of fraud, shall be conclusive.
 
 Blum Unemployment Compensation Case,
 
 163 Pa. Superior Ct. 271, 274, 60 A. 2d 568. In accordance thereAvith Ave have held that findings sustained by competent
 
 *257
 
 and substantial evidence are binding upon us although there may be other competent evidence in the record which has not been accepted by the board.
 
 Stillman Unemployment Compensation Case,
 
 161 Pa. Superior Ct. 569, 575, 56 A. 2d 380;
 
 McGann Unemployment Compensation Case,
 
 163 Pa. Superior Ct. 379, 383, 62 A. 2d 87. This follows from the rule that the credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn therefrom are for the board.
 
 Tronieri Unemployment Compensation Case,
 
 164 Pa. Superior Ct. 435, 437, 65 A. 2d 426.
 

 Section 402 (d) of the Unemployment Compensation Law, as amended by the Acts of 1942 and 1945, stated, subject to the proviso therein set forth, that an employe was ineligible for compensation for any week in which his unemployment was due to a voluntary suspension of work resulting from an industrial dispute. A nonstriking employe’s refusal to cross a picket line would be a “voluntary” suspension of work within the meaning of section 402 (d) where the decision was his own.
 
 Phillips Unemployment Compensation Case,
 
 163 Pa. Superior Ct. 374, 377, 62 A. 2d 84;
 
 McGann Unemployment Compensation Case,
 
 supra, 163 Pa. Superior Ct. 379, 382, 62 A. 2d 87;
 
 Stillman Unemployment Compensation Case,
 
 supra, 161 Pa. Superior Ct. 569, 572, 56 A. 2d 380. “If an employe is prevented from working through no act of his own, as where he is forcibly barred from working, he would be entitled to compensation. But if a picket line is maintained within the limits permitted by law and there is no physical compulsion exerted to prevent employes from passing the picket line, nonstrikers are unemployed solely by their own choice”:
 
 Phillips Unemployment Compensation Case,
 
 supra, 163 Pa. Superior Ct. 374, at page 377, 62 A. 2d 84, at page 86.
 

 
 *258
 
 Appellant contends that he should have been afforded a hearing before a referee, and that the board should not have assumed original jurisdiction of the claim without an intermediate decision by a referee. Section 504 of the Unemployment Compensation Law, as amended by the Act of April 23, 1942, P. L. 60, §5, 43 PS §824, provides in part: “The board shall have power, on its own motion, or on appeal, to remove, transfer, or review any claim pending before, or decided by, a referee, and in any such case and in cases where a further appeal is allowed by the board from the decision of a referee, may affirm, modify, or reverse the determination or revised determination, as the case may be, of the department or referee on the basis of the evidence previously submitted in the case, or direct the taking of additional evidence. When any claim pending before a referee is removed or transferred to the board, the board shall afford the parties reasonable opportunity for a fair hearing.” Section 502 of the Act, as amended by the Act of April 23, 1942, P. L. 60, §5, 43 PS §822, provides in part: “Where an appeal from the determination or revised determination, as the case may be, of the department is taken, a referee shall, after affording the parties reasonable opportunity for a fair hearing, affirm, modify, or reverse such findings of fact and the determination or revised determination, as the case may be, of the department as to him shall appear just and proper. The parties shall be duly notified of the referee’s decision, and the reasons therefor, which shall be deemed the final decision of the board, unless within ten days after the date of such decision the board acts on its own motion, or upon application, permits any of the parties to institute a further appeal before the board.”
 

 The board had the power, which it exercised in the present case, to assume original jurisdiction of the
 
 *259
 
 claim and to hold a hearing or hearings, without a prior hearing before a referee. Appellant was afforded a full and complete hearing before the board. Procedural due process does not require a hearing at any particular point or at more than one point in an administrative proceeding so long as the requisite hearing is held before the final order becomes effective.
 
 Womelsdorf Consolidated Water Co. v. Pennsylvania Public Utility Commission,
 
 160 Pa. Superior Ct. 298, 304, 50 A. 2d 548;
 
 Philadelphia v. Pennsylvania Public Utility Commission,
 
 164 Pa. Superior Ct. 96, 104, 63 A. 2d 391;
 
 Opp Cotton Mills, Inc., v. Administrator of Wage and Hour Division, etc.,
 
 312 U. S. 126, 152, 153, 61 S. Ct. 524, 85 L. Ed. 624;
 
 Com. v. Lentz,
 
 353 Pa. 98, 103, 44 A. 2d 291. Neither procedural due process nor the Unemployment Compensation Law requires a hearing before the referee in every instance. In unemployment compensation proceedings, as in proceedings under the Workmen’s Compensation Law, a closely related field of administrative law
 
 (Stillman Unemployment Compensation Case,
 
 supra, 161 Pa. Superior Ct. 569, 575, 56 A. 2d 380;
 
 Lavely Unemployment Compensation Case,
 
 163 Pa. Superior Ct. 66, 67, 60 A. 2d 352), referees are, in effect, merely representatives or agents of the board, which is the ultimate fact-finding body
 
 (Bronkowski v. Colonial Colliery Co.,
 
 153 Pa. Superior Ct. 574, 576, 34 A. 2d 837;
 
 Kenny v. Esslinger’s Brewery,
 
 161 Pa. Superior Ct. 451, 455, 55 A. 2d 554). See section 203 (e) of the Unemployment Compensation Law', as amended by the Act of May 29, 1945, P. L. 1145, §3, 43 PS §763. Furthermore, it may be said that appellant’s claim was “pending before ... a referee” after an appeal had been taken by the employer from the determination or decision of the Bureau of Employment and Unemployment Compensation.
 

 
 *260
 
 Appellant’s final contention is that the decision in
 
 Von Kaenel Unemployment Compensation Case,
 
 supra, 163 Pa. Superior Ct. 173, 60 A. 2d 586, is applicable and controlling in favor of himself and the other similarly situated claimants. In the
 
 Von Kaenel
 
 case the bureau, on December 2, 1946, disallowed Von Kaenel’s claim on the ground that his employment was due to a voluntary suspension of work resulting from an industrial dispute, and that he was disqualified under section 402 (d) as it existed under the amendment of the Act of 1945. On December 12, 1946, claimant appealed to the referee who, by decision of May 15, 1947, reversed the bureau and awarded benefits. On June 16, 1947, twenty-two days after the time for appeal had expired, the employer filed its appeal with the board. On October 16, 1947, the board reversed the referee and disallowed the claim. Claimant appealed to this Court from the decision of the board. We held that the board was without jurisdiction to hear the employer’s appeal from the referee’s decision as the appeal had not been taken within the limitation provision. For this reason we reversed the decision of the board. See section 502 of the Unemployment Compensation Law, as amended by the Act of April 23, 1942, P. L. 60, §5, 43 PS §822. Cf.
 
 Gensey Unemployment Compensation Case,
 
 165 Pa. Superior Ct. 457, 69 A. 2d 176. While the bureau may have considered the Von Kaenel claim as a test case, there is nothing in the record to indicate that the referee’s decision favoring Von Kaenel included any other claims or that the proceedings involved any other than the individual claim of Von Kaenel. See section 505 of the Unemployment Compensation Law, as amended by the Act of April 23, 1942, P. L. 60, §5, 43 PS §825. The bureau in issuing its decision in the present case on January 12, 1949, on the claim of appellant stated that it covered the other similarly situated claimants,
 
 *261
 
 and the board made its decision apply to all the claimants involved. It does not appear that action on claims other than that of Von Kaenel had been previously taken by the bureau or the board. The appeal to this Court by Von Kaenel did not decide the eligibility of other claimants. See
 
 McGann Unemployment Compensation Case,
 
 supra, 163 Pa. Superior Ct. 379, 381, 62 A. 2d 87. Unless the record in the
 
 Von Kaenel
 
 case shows that the rights of claimants other than Von Kaenel were adjudicated, the presumption is that the rights of similarly situated claimants were not passed upon and do not come within the broad principle of res judicata. Cf.
 
 Burns Unemployment Compensation Case,
 
 164 Pa. Superior Ct. 470, 472, 65 A. 2d 445. We find nothing-in the record of the
 
 Von Kaenel
 
 case, or in that of the present appeal, which would make the
 
 Von Kaenel
 
 decision controlling as to appellant or the other claimants. Cf.
 
 Gollier Unemployment Compensation Case,
 
 162 Pa. Superior Ct. 136, 56 A. 2d 351; section 509 of the Unemployment Compensation Law, as amended by the Act of April 23, 1942, P. L. 60, §5, 43 PS §829.
 

 The decision of the board is affirmed.
 

 [1]
 

 “An employe shall be ineligible for compensation for any week . . . (d) In which his unemployment is due to a voluntary suspension of work resulting from an industrial dispute, at the factory establishment or other premises at which he is or was last employed: Provided, That this disqualification shall apply only to any week of unemployment which, in whole or in part, includes any part of a period beginning with the day on which such suspension occurs and ending with (i) the last day of the fourth calendar week immediately following the calendar week in which such suspension occurs, or (ii) the day on which such suspension was terminated, whichever js the earlier.”