## Seroskie, Appellant *v.* Unemployment Compensation Board of Review.

Argued March 21, 1951. Before RHODES, P. J., HIRT, RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J., absent).

*Robert V. Moser,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, and *Roland M. Morgan,* Associate Counsel, for appellee.

OPINION BY GUNTHER, J., July 19, 1951:

This is an unemployment compensation case in which the bureau, the referee and the Unemployment

Compensation Board of Review disallowed compensation on the ground that the claimant voluntarily left his last employment without good cause within the meaning of Section 402(b) of the Unemployment Compensation Law.

Claimant was last employed as a miner by the Susquehanna Collieries of the M. A. Hanna Company. In April, 1950, he was transferred by his employer to an operation known as the Maysville Slope. He was employed as a gangway miner at this colliery and was assisted in his work by a laborer, Joe Kramlick. The claimant and his "buddy" had worked together for a period of approximately two years prior to this transfer. After working three days at the Maysville Slope, claimant and Joe Kramlick were notified that it was the intention of the company to separate them, each to work as a gangway miner, one cross-shifting the other. This plan necessitated the assignment of a new laborer to each and they were so informed by their employer. The evidence establishes that the employer desired to expedite the driving of the gangway and the proposal of the company to separate the two miners and give them each a laborer was in accordance with the usual procedure in the mines. Both the claimant and Joe Kramlick protested to the arrangement. Claimant also objected on the ground that he would rather quit than be separated from Joe Kramlick. Claimant, without waiting to see who would be assigned to him as a laborer, and without waiting to see whether he would be able to do the work as gangway miner under the new arrangement, quit his employment. The Board found as a fact: "4. Claimant abandoned his employment because he wanted to retain Joe Kramlick as a laborer and was not willing to continue working with another laborer."

The evidence also establishes that claimant had the opportunity to continue his employment status had

he been willing to perform gangway mining with the laborer to be assigned by the employer. Claimant, however, elected to quit his job rather than accept the assignment of a laborer in order to see whether the arrangement suggested by his employer would work out.

The issue for determination then becomes whether the reason advanced by the claimant for his failure to perform the work assigned to him under the conditions and arrangements offered by the employer constituted good cause within the meaning of Section 402(b) of the Unemployment Compensation Law. The burden was on the claimant to prove that he is entitled to benefits: *Smith Unemployment Compensation Case,* 167 Pa. Superior Ct. 242, 74 A. 2d 523, and that he had good cause for voluntarily leaving: *Wescoe Unemployment Compensation Case,* 166 Pa. Superior Ct. 355, 357, 71 A. 2d 837.

Claimant contends that he was physically unable to continue gangway mining because of ill health, yet this claimant, approximately one week before quitting his last employment, accepted an assignment of gangway work and testified that he would be willing to continue that type of work could he continue with Joe Kramlick as his laborer who had been helping him as a laborer for the past two years. It might well have been that had claimant tried the proffered new arrangement and worked as a gangway miner with the new laborer, that the laborer supplied by the company was a "greenie", or that the laborer would have been so inexperienced that claimant's physical condition would have been aggravated. In that circumstance, claimant might have been justified in terminating his employment. However, here the claimant voluntarily left his employment rather than try the new arrangement. He made no reasonable effort to see if the arrangement of the employer could possibly work out,

and it seems clear that he should have exercised such a reasonable effort in order to maintain his employment status, instead of terminating his employment and becoming unemployed. Good cause in the *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 557, 45 A. 2d 898, was construed as follows: ". . . if a worker leaves his employment when he is compelled to do so by necessitous circumstances . . . his leaving is voluntary with good cause, and under the act he is entitled to benefits." It follows from what has been said that claimant in this case has not established such "necessitous circumstances" within the meaning of Section 402(b) of the Unemployment Compensation Law.

The findings of the Board are supported by the evidence and they are binding upon us. Section 510 of the Act of December 5, 1936, P.L. (1937) 2897, 43 PS 830. *Lavely Unemployment Compensation Case,* 164 Pa. Superior Ct. 43, 63 A. 2d 355.

Decision affirmed.