Allen Unemployment Compensation Case.

Submitted October 8, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*William L. Goldman,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, for appellee.

OPINION BY HIRT, J., January 19, 1954:

Ward Wheelock Company of Philadelphia is an established advertising agency. In January 1951 through a Mr. Congdon, vice president of the company, claimant was engaged under an oral contract as a "copy writer" for its Campbell Soup account at a substantial annual salary. She was assigned to the development of new ideas for the presentation of Campbell Soups through advertising media. The task called for constructive thought and the exercise of imagination and originality in exploring new avenues of approach, all within legitimate claims which could be made for the product. She severed her employment on June 13, 1951. On that date her note to Mr. Congdon consisted in this cryptic statement: "I have resigned from this agency." No reason was given for her resignation. On September 10, 1951, claimant registered for work in New York City and thereafter filed claims for 24 weekly benefits against her former employer in Pennsylvania. The Bureau, the Referee, and the Board of Review in succession all found that she was ineligible for benefits under §402(b) of the Unemployment Compensation Law, as last amended, by the Act of May 23, 1949, P. L. 1738, 43 PS §802.

The reasons assigned by claimant for terminating her employment are not entirely consistent. In her application for benefits she stated: "I quit this job

because I was prevented from executing the job for which I was hired . . . I was hired as a woman copy writer to do the advt. work for Campbell's Soup Co. I found that the ideas for which I was hired were not utilized as they should be. I quit because the work produced would affect my future employment possibilities." Elsewhere, she stated: "When hired, I accepted the job on the terms I was to work with one person [Mr. Congdon] on copy. Within a short period the copy matter was being handled by several people with the result that I couldn't do a creditable job . . ." In her testimony she amplified the statement thus: ". . . in other words I would not have put myself in the position for people who are not trained copy people . . of working under those people as copychiefs. Mr. Congdon is the only man I consider a competent person to be a copychief . . ." In a letter to the president of the company she commented on "clashes between personalities that seem impossible to resolve" referring to her experience in submitting copy to a Mrs. Heffernan as directed by her superiors. And finally, in her testimony before the Board, she referred to physical ailments brought about by nervous tension as additional reasons for her ending her employment. The Board of Review from the testimony of the employer's witnesses properly found: "Claimant was hired as a copywriter by Mr. Robert Congdon, whom she considered to be her superior. Although Mr. Congdon would check over some of claimant's work, she was nevertheless hired on the basis that she would be subject to the regular company policies of having her copy checked by other reviewers, as well." And on a further finding that claimant voluntarily resigned because dissatisfied on that score, concluded that claimant voluntarily left her work without good cause and accordingly was disqualified under §402(b).

The findings upon which the Board's conclusion logically is based, are amply supported by the evidence and we are powerless to disturb them. Findings of fact by the Unemployment Compensation Board which are sustained by competent and substantial evidence are conclusive and in the absence of fraud are binding upon us on appeal. Section 510 of the Act, as amended, 48 PS §830. *Franke Unemployment Comp. Case,* 166 Pa. Superior Ct. 251, 70 A. 2d 461. Since the findings in this case are supported by the evidence the exercise of our jurisdiction in this appeal is confined to questions of law. *Stillman Unemployment Comp. Case,* 161 Pa. Superior Ct. 569, 56 A. 2d 380.

Under §402(b) an employe is ineligible for compensation for any week "In which his unemployment is due to voluntarily leaving work without good cause." Claimant terminated her employment voluntarily. A continuation of her work was open to her; she was not discharged. In *Sturdevant Unemployment Case,* 158 Pa. Superior Ct. 548, 557, 45 A. 2d 898 we said that to constitute good cause "the pressure of real not imaginary, substantial not trifling, reasonable not whimsical, circumstances [must] compel the decision to leave employment." And as stated differently, termination of the employment must be compelled by "necessitous circumstances". Cf. *Kaylock Unemploy. Compensation Case,* 165 Pa. Superior Ct. 376, 67 A. 2d 801. A claimant in asserting good cause must show good faith. "There can be no good cause which does not rest in good faith." *Brilhart Unemploy. Compensation Case,* 159 Pa. Superior Ct. 567, 49 A. 2d 260; *O'Donnell Unemployment Comp. Case,* 173 Pa. Superior Ct. 263, 98 A. 2d 406. In principle the present case has much in common with *Seroskie v. Unemploy. Compensation Board,* 169 Pa. Superior Ct. 470, 82 A. 2d 558 where an employe quit his job because he was assigned to an

operation with an assistant other than one of his choice with whom he previously had worked.

Even if we cumulate all of the reasons advanced by claimant, she still has failed to meet the burden upon her of establishing good cause, within the intent of §402(b) for termination of her employment. *Wolfson Unemployment Compensation Case,* 167 Pa. Superior Ct. 588, 76 A. 2d 498; *Novel Unemployment Compensation Case,* 174 Pa. Superior Ct. 179, 100 A. 2d 118.

Decision affirmed.