## Hamilton Unemployment Compensation Case.

Argued April 11, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*R. N. McGee, Jr.,* with him *Arthur E. Hamilton,* appellant, in propria persona.

*Sydney Reuben,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY RHODES, P. J., July 17, 1956:

This is an unemployment compensation case in which the claimant, Arthur E. Hamilton, was denied benefits by the bureau, the referee, and the Unemployment Compensation Board of Review on the ground that he voluntarily left his employment without cause of a necessitous and compelling nature, within the meaning of section 402 (b) of the Unemployment Compensation Law, as amended, 43 PS §802 (b). Claimant has appealed from the board's decision.

Claimant was employed by Gilbert K. Myers, owner of the Myers Aviation Company of Leechburg, Pennsylvania, as a flight instructor for a period of approximately fifteen months. On June 18, 1955, that employment was terminated by the voluntary act of claimant. The only question presented throughout the proceeding was whether he acted by reason of necessitous and compelling circumstances and consequently with good cause.[1]

Four reasons were advanced by claimant for leaving his employment: (1) That his employer insisted that he operate an aircraft which proved to be unsafe notwithstanding repeated attempts to correct mechanical defects; (2) that the employer lost his certification from the Veterans' Administration as an approved flying school; (3) that the employer no longer carried personal injury and property damage liability insur-

---

[1] By Act of March 30, 1955, P. L. 6, No. 5, §5, section 402 (b) was amended; and for the words "without good cause" there was substituted the words "without cause of a necessitous and compelling nature." This is in accord with our decisions. See *Sturdevant Unemployment Compensation Case*, 158 Pa. Superior Ct. 548, 557, 45 A. 2d 898; *Allen Unemployment Compensation Case*, 174 Pa. Superior Ct. 514, 517, 102 A. 2d 195; *Flannick Unemployment Compensation Case*, 168 Pa. Superior Ct. 606, 608, 82 A. 2d 671; *Seroskie v. Unemployment Compensation Board of Review*, 169 Pa. Superior Ct. 470, 473, 82 A. 2d 558.

ance to cover passengers and property; and (4) that the employer solicited claimant to falsify certain official flight reports in connection with an investigation by the government.[2]

The employer denied that he asked claimant to fly an unsafe plane. He admitted that the Veterans' Administration had canceled his certification as an approved school, but asserted that there was still sufficient work available for claimant in private instruction. He admitted that he no longer carried insurance, but denied that he asked claimant to falsify any reports.

The referee made three findings of fact, and concluded that claimant's reasons for separation did not constitute a necessitous and compelling cause for his unemployment; and he therefore disallowed compensation.

The board, after remanding the record for the taking of additional testimony, affirmed the action of the referee without discussion and without making any independent or further findings of fact.

Claimant had the burden of establishing that he left his employment for cause of a necessitous and compelling nature or with good cause. *Seroskie v. Unemployment Compensation Board of Review,* 169 Pa. Superior Ct. 470, 472, 82 A. 2d 558; *Kaminski Unemployment Compensation Case,* 174 Pa. Superior Ct. 242, 243, 101 A. 2d 132. Whatever conflicts in the evidence existed were matters for the board to resolve, and we cannot set

---

[2] In his initial application, the claimant set forth only that the Veterans' Administration had closed the school, and there was therefore no work for the claimant. At the first hearing before the referee, the claimant added the reasons that he was asked to fly an unsafe plane, and that the insurance had been canceled; and at the second referee's hearing, on remand from the board, he made the further charge of solicitation to falsify an official report.

aside its determination unless the findings are inadequate or are not supported by substantial evidence. *Stillman Unemployment Compensation Case,* 161 Pa. Superior Ct. 569, 571, 56 A. 2d 380. As the board's decision is against the claimant who had the burden, "the question on appellate review is whether the Board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of competent evidence; . . ." *Bako Unemployment Compensation Case,* 171 Pa. Superior Ct. 222, 227, 90 A. 2d 309, 312. See, also, *Lavely Unemployment Compensation Case,* 163 Pa. Superior Ct. 66, 67, 60 A. 2d 352. The difficulty with which we are confronted in the instant case is that we cannot reach any conclusion in this respect because of the absence of independent findings by the board and the insufficiency of the referee's findings.

Of the three findings made by the referee and adopted by the board, the first relates to the extent and nature of the employment. The second and third concern the merits of the claim:

"2. On June 18, 1955, the claimant refused to take a flight to Indiana, Pa., and quit his job because he felt the aircraft was unsafe and because the employer did not carry insurance.

"3. The employer operates an approved flight school under the authority of the Civil Aeronautics Administration and does some charter business. All planes are inspected every 100 hours by qualified mechanics. Although no insurance is carried on the aircraft, the employer, and not the pilot, is liable in the event of accident. At the time claimant left his job the employer had six planes available and claimant was not assigned to any specific craft."

Obviously, no disposition of the claim could be made on these findings. Although the second finding is to

the effect that claimant left because of a fear for his safety and because of possible liability, there is nothing to indicate whether that fear was unfounded or whether it was based upon a reasonable apprehension of danger. The third finding does not supply the deficiency. The facts that the employer is operating a school approved by the Civil Aeronautics Administration, and that his planes are inspected every 100 hours do not indicate whether at the time claimant was asked to make the flight the plane was unsafe; nor do they establish whether claimant, in view of the past history of the plane, was justified in assuming that it was still mechanically defective. Findings on the reasonableness and the basis of the fear are essential and should be made by the board. See *Myers Unemployment Compensation Case,* 164 Pa. Superior Ct. 150, 152, 63 A. 2d 371.

Moreover, the assertion in the third finding that the employer alone would be liable in the event of an accident is not in conformity with the law or the facts. Whether the liability is imposed upon the claimant as pilot under the Act of May 25, 1933, P. L. 1001, Art. IV, §403, 2 PS §1469, or under the ordinary rules of tort (see Restatement, Torts, §§519, 523), the claimant's liability would seem to be clear. The mere fact that he took passengers aloft in an airplane which he had good reason to believe was unsafe obviously would impose that liability upon him.

In connection with the absence of insurance coverage, claimant alleges that he became subject not only to personal liability as a pilot, but to criminal prosecution as well, under section 1311 of the Public Utility Law of May 28, 1937, P. L. 1053, Art. XIII, as amended, 66 PS §1501. That section provides for the imposition of penalties for operating aircraft as a common carrier without a certificate of public convenience, permit,

or license authorizing the service performed. In his brief on appeal claimant submits a letter from the Pennsylvania Public Utility Commission, dated January 12, 1956, which indicates that the certificate of public convenience issued to the employer was canceled by the commission because of the failure to file with the commission evidence of bodily injury and property damage insurance. The letter does not appear in the record, according to our examination, and there was no elaboration of the possible violation of the Public Utility Law and the alleged subjecting of claimant to possible criminal prosecution for such violation. This phase of the matter should be clarified. We do not say on the record before us that the absence of insurance coverage and the loss of certification are causes of a necessitous and compelling nature. That conclusion must depend upon the particular facts of this case after they are fully developed and after the board makes sufficient findings. In addition, there was no disposition of claimant's charges that there was no work available to him as the Veterans' Administration had closed the flying school, and that he was asked to falsify a report.

The duty of the board in cases such as this is clear, and there should be consistent adherence thereto. The resolving of conflicts in the evidence, the determination of credibility, the weighing of the evidence, and the drawing of inferences therefrom are matters for the board in its capacity as the ultimate fact-finder. *Hogan Unemployment Compensation Case,* 169 Pa. Superior Ct. 554, 559, 83 A. 2d 386. The referee is not the final fact-finder; he acts merely as the representative or agent of the board. *Franke Unemployment Compensation Case,* 166 Pa. Superior Ct. 251, 259, 70 A. 2d 461. Although the board has the power to affirm, modify, or reverse the determination of the referee (section 504

of the. Unemployment Compensation Law, as amended, 43 PS §824), and in so doing may adopt, reject, or change the findings of the referee (*Kenny v. Esslinger's Brewery,* 161 Pa. Superior Ct. 451, 455, 55 A. 2d 554), it cannot properly adopt findings which are manifestly inadequate without making a further independent review and additional findings. The board's conclusion denying compensation is valid only when based upon findings which in turn are supported by the evidence. *Sauers Unemployment Compensation Case,* 168 Pa. Superior Ct. 373, 375, 77 A. 2d 891. On appeal we cannot infer findings of material facts from a mere conclusion. *Myers Unemployment Compensation Case,* supra, 164 Pa. Superior Ct. 150, 153, 63 A. 2d 371. The essential and ultimate findings must be specifically made. *Lavely Unemployment Compensation Case,* supra, 163 Pa. Superior Ct. 66, 68, 69, 60 A. 2d 352.

Due to the inadequate disposition of this claim, we shall remand the record to the board for further proceeding. Thereupon the board should clarify those matters which were not fully disposed of by the referee's decision, including the formulation of findings as to the basis of claimant's fear for his safety. Besides, disposition must be made of the charge which was first asserted by claimant at the remand hearing before the referee, and which of course was not considered in the referee's prior decision.

The decision of the board is vacated, and the record is remitted for further hearing and consideration, the making of requisite findings of fact, and the entry of a proper order.

WRIGHT, J., concurs in the result.