## Smith Unemployment Compensation Case.

Argued March 12, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*John P. Campana* submitted a brief for appellant.

*Sydney Reuben,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY HIRT, J., July 17, 1956:

The claimant-plaintiff was last employed by Interstate Amiesite Corporation. He had earned a total of but $49.50 in this employment when he was laid off on September 4, 1954. On the same day he registered for work and filed his application for benefits at the local employment office. The bureau, the referee and the board in turn recognized that claimant's separation from his last employment with Interstate Amiesite Corporation was valid; but they all found that he had

terminated his prior employment with Pioneer Construction Company without good cause within the contemplation of §402(b) of the Unemployment Compensation Law (last amended by the Act of August 24, 1953, P. L. 1397, 43 PS §802(b). And since claimant did not purge his disqualifying separation from his prior employment by earning wages at least equal to eight times his weekly benefit rate in his last employment, he was found to be ineligible for benefits under §401(f) of the Law, 43 PS §801(f). Claimant has been treated with consideration by the board. Following its order of disallowance of benefits entered on March 25, 1955, the board, at claimant's request, again reviewed the entire record, following which it affirmed its previous decision, on April 11, 1955.

The burden of establishing good cause was upon the claimant (*Sledzianowski Unemployment Compensation Case,* 168 Pa. Superior Ct. 37, 76 A. 2d 666) ; this burden was not met. At the hearing before the referee claimant testified that he had been hired by Pioneer Construction Company as a "grade foreman" on a highway construction job at a weekly salary of $100. On his application for an increase of $25 in wages, he was granted only $10 per week additional. He also complained that the road work at Centralia, where he was employed from September 1953 until he quit in April 1954, was about 50 miles from his home and that he drove to and from work every day. To minimize the inconvenience of working away from home he rented a room in Centralia, but stayed there only one week, because, as he says, he had to drive six miles for his meals. These were the only reasons given by claimant before the referee for ending his employment. Before the referee however there was in evidence the wholly inconsistent statement which claimant had giv-

en to the bureau as his sole reason for leaving. In substance he then stated that he had quit his employment because of a dispute with Bixler, his superintendent, as to a grade which he had established for the pavement. In his statement he had said: "I put in a grade and Mr. Bixler came to me and wanted it changed after I spent a full days work doing it. I told him I wouldn't change the grade and he told me I was finished. I left the job and never went back." The grade which Bixler insisted upon, was the grade required by the State Highway Department.

The reasons assigned by claimant, even when cumulated, do not constitute good cause. The circumstances attending his final separation were neither compelling nor necessitous and therefore did not constitute a leaving with good cause. *Allen Unemployment Compensation Case,* 174 Pa. Superior Ct. 514, 517, 102 A. 2d 195. Claimant's conduct did not meet the test of common sense and good faith. *Kaylock Unemployment Compensation Case,* 165 Pa. Superior Ct. 376, 67 A. 2d 801. He merely was dissatisfied with the conditions of his employment and his leaving was precipitated by a temperamental clash with his superintendent. He could have continued his employment with the construction company; his separation from his job therefore was voluntary. *Labenski Unemployment Compensation Case,* 171 Pa. Superior Ct. 325, 90 A. 2d 331.

Section 401(f) provides: "Compensation shall be payable to any employe who is or becomes unemployed, and who—(f) Has, subsequent to his voluntarily leaving work without good cause . . . been paid remuneration for services in an amount equal to or in excess of eight (8) times his weekly benefit rate . . ." Clearly claimant is barred under this provision of the law. He did not purge his disqualifying separation from his

next previous employment, by earning thereafter at least eight times the amount of his weekly benefit rate, viz: $240. He earned but $49.50.

Decision affirmed.