## Pomorski Unemployment Compensation Case.

Submitted March 9, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN and WATKINS, JJ.

*Anthony J. Pomorski*, appellant, in propria persona.

*Sydney Reuben*, Assistant Attorney General, and *Anne X. Alpern*, Attorney General, for appellee.

OPINION BY HIRT, J., April 16, 1959:

Claimant, under his contract of hiring, performed a variety of work as an assistant to the owner in the operation of a retail meat market. He cut meat, dressed chickens, made deliveries, and also cleaned up the place. He worked for a period of but three and one half months. In this unemployment compensation case the board found: "On February 3, 1958, the claimant advised his employer that he was terminating his employment because he was dissatisfied with the working conditions and the duties assigned to him. Continuing work was available for the claimant had he desired to remain employed." At the hearings before the referee there was no capricious disregard of evidence favorable to the claimant and the above findings, amply supported as they are by competent evidence,

are binding upon us. Section 510 of the Unemployment Compensation Law, 43 PS §830. *Tronieri Unempl. Compensation Case,* 164 Pa. Superior Ct. 435, 65 A. 2d 426. Upon these findings, the board concluded that claimant was disqualified from benefits under §402(b) of the Law, 43 PS §802(b) because his unemployment was due to voluntarily leaving his work without good cause.

The burden was on the claimant of establishing that necessitous circumstances compelled the termination of his employment. This burden was not met. The duties required of claimant were the usual duties of an employe in a meat market and working conditions in this shop were not abnormal; claimant clearly was not justified in leaving his work to join the ranks of the unemployed under the circumstances. Cf. *Allen Unempl. Compensation Case,* 174 Pa. Superior Ct. 514, 517, 102 A. 2d 195.

The decision is affirmed.