## Zahorchak Unemployment Compensation Case.

Argued November 11, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*Joseph F. Zahorchak,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY GUNTHER, J., December 17, 1959:

The Bureau of Employment Security found the appellant eligible for unemployment compensation benefits.

The referee reversed the Bureau and held that the appellant was ineligible to receive benefits under the provisions of section 402(b) of the act. This decision of the referee was affirmed by the Board of Review which held that appellant did not have a compelling and necessitous reason for leaving his job when he voluntarily terminated his employment because he was dissatisfied with the working conditions.

The findings of fact made by the Board of Review, which are based upon competent testimony, are binding upon this Court.

What is the competent testimony in this case?

The appellant's own testimony given at the referee's hearing clearly establishes his voluntary leaving his employment: "Q. And your last day of work was Janu-

ary 22, 1957? A. November 22, 1957. Q. And then what happened that your employment ended there? Did you quit there, or were you discharged? A. I wasn't discharged there, and in a way it wasn't a quit. It was supposed to be a temporary job. I was to fill in for a colored man who they caught stealing, and it lasted six or seven weeks. Q. Then what finally happened? A. They got a man to fill the place and he was getting more money than I was. Q. Did you still have a job there? A. Yes, on the grease rack. Q. You still had a job on November 22, 1957? A. Yes. Q. Then what happened that you are not working there? A. I told them I wanted to go back to the job that I had been working on and they wouldn't transfer me back. Q. What did you do then? A. I told them they had better get a man for the grease rack because I wanted put back on the job I had. Q. Why didn't you continue working on the grease rack? A. I didn't want that work; I wanted in the shop. I asked them the day before I finished if they would put me back in the shop, and they said, 'No.' Q. What about the job on the grease rack? A. They put another man on it."

It is the function of the Board of Review to pass upon the credibility of witnesses and to draw reasonable inferences from the testimony: *Ristis Unemployment Compensation Case*, 178 Pa. Superior Ct. 400, 403, 116 A. 2d 271; *Davis Unemployment Compensation Case*, 187 Pa. Superior Ct. 116, 144 A. 2d 452.

Did the appellant establish any necessitous and compelling reason for voluntarily terminating his employment?

In the *Allen Unemployment Compensation Case*, 174 Pa. Superior Ct. 514, 102 A. 2d 195, it was held that the termination of the employment must be compelled by necessitous circumstances.

From the facts in the testimony we cannot find any circumstances that would show that claimant had a

compelling or necessitous reason for breaking off his employment relationship.

The findings made by the Board were that claimant voluntarily terminated his employment because he was dissatisfied with his assignment; that he was not laid off or discharged and that employment was available to him had he desired to remain on the job. The claimant, therefore, is disqualified from receiving benefits under the provisions of section 402(b).

The decision of the Unemployment Compensation Board of Review is affirmed.