## Coyle Unemployment Compensation Case.

Argued December 17, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Raymond F. Coyle,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION PER CURIAM, March 24, 1960:

Appellant in this unemployment compensation case was denied benefits by the bureau, the referee, and the Board of Review on the ground that he voluntarily terminated his employment and was therefore disqualified under section 402(b) of the Unemployment Compensation Law, 43 PS §802(b).

Claimant had worked approximately four years for Chester Czarnecki, Shamokin, Pennsylvania, as a grocery clerk. His last day of employment was March 7, 1959. On that date claimant and his employer engaged in an argument over claimant's performance of his duties. The employer told claimant to follow instructions or leave, whereupon claimant left his employment. When claimant returned for his pay at five o'clock in

the afternoon of the same day, the employer's wife asked claimant to reconsider and return to work. Claimant refused.

Although claimant left his employment on March 7, 1959, his application for benefits was not filed until May 12, 1959. The reason for his unemployment, as stated in his application for compensation was "drop of business." The board found as follows:

"2. On March 7, 1959, at about 9:15 a.m. the claimant became involved in a discussion with his employer; and was told by the employer that he should either follow his instructions or leave the job.

"3. The claimant was dissatisfied with his working conditions and he elected to quit rather than follow his employer's instructions. Continued employment was available to him had he not quit."

The evidence produced at hearings before two different referees amply supports these findings of the board. Claimant himself stated that on this Saturday morning the employer criticized him because cans of tomato paste were marked with the wrong price, and the employer told him to go home if he could not do his work. The employer testified that he attempted to apologize to claimant at the time of the argument, and that he did not discharge claimant but that the claimant quit. The job was open if claimant had returned.

The credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn therefrom were for the board as the ultimate fact-finder. *Hamilton Unemployment Compensation Case,* 181 Pa. Superior Ct. 113, 119, 124 A. 2d 681. The facts as found by the board, if supported by substantial competent evidence, are binding on this Court on appeal. *Allen Unemployment Compensation Case,* 174 Pa. Superior Ct. 514, 517, 102 A. 2d 195; section 510 of the Unemployment Compensation Law, 43 PS §830.

Where a claimant admittedly terminates his employment voluntarily, the burden of establishing a compelling and necessitous reason for the separation rests upon him. *Kaminski Unemployment Compensation Case,* 174 Pa. Superior Ct. 242, 101 A. 2d 132. Here claimant did not establish any reasonably compelling cause for the separation. His alleged dissatisfaction with his working conditions did not constitute cause of a compelling and necessitous nature in this case. See *Goldstein Unemployment Compensation Case,* 190 Pa. Superior Ct. 67, 69, 151 A. 2d 820.

The decision of the board is affirmed.