## Yerger Unemployment Compensation Case.

Argued June 16, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*Walter B. Yerger,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., September 16, 1960:

The sole question raised by this unemployment compensation appeal is whether the claimant voluntarily left his employment without cause of a necessitous and compelling nature within the meaning of §402(b) of the Unemployment Compensation Law, 43 PS §802(b). The bureau, the referee and the board all found claimant ineligible for benefits.

On August 31, 1959 claimant was assigned to duty as a plant guard at the Dana Corporation plant in Pottstown, Pennsylvania. The duties of the job were explained to him at the time he was hired. After working one day he terminated his employment because, he alleged, "the job was misrepresented." He was not laid

off nor discharged and continuing work was available to him had he chosen to remain employed. He claimed that he could not continue on the job because of a serious bowel condition but presented no medical testimony that the work was injurious to his health. The board found that the job had been fully explained to him. The record contains competent testimony to this effect and the board's finding is, therefore, conclusive.

The claimant himself testified that he had not been treated for his diarrhea condition by a doctor nor had he been in a hospital for the condition within the last two or three years. The plant representative testified that if claimant needed to go to the bathroom, he could telephone the other guard and go.

Since claimant voluntarily terminated his employment, he had the burden of showing cause of a necessitous and compelling nature for so doing: *Johnson Unemployment Compensation Case,* 182 Pa. Superior Ct. 138, 125 A. 2d 458. Mere dissatisfaction with working conditions, after one day's trial, does not constitute cause of a necessitous and compelling nature for voluntary termination of employment: *Smith Unemployment Compensation Case,* 181 Pa. Superior Ct. 185, 124 A. 2d 707.

Decision affirmed.