Cunningham Unemployment Compensation Case.

Argued June 17, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*Joseph A. Cunningham, Jr.,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., September 16, 1960:

The only question raised by this appeal is whether the claimant had a compelling and necessitous reason, within the meaning of §402(b) of the Unemployment Compensation Law, 43 PS §802(b), to terminate his employment where he voluntarily left because he was dissatisfied with the working conditions.

A claimant who admittedly terminates his employment of his own accord has the burden of establishing that he had a compelling and necessitous reason for the separation: *Seroskie Unemployment Compensation Case,* 169 Pa. Superior Ct. 470, 82 A. 2d 558; *Kaminski Unemployment Compensation Case,* 174 Pa. Superior Ct. 242, 101 A. 2d 132; *Johnson Unemployment Compensation Case,* 182 Pa. Superior Ct. 138, 125 A. 2d 458.

Section 402(b) of the Unemployment Compensation Law, 43 PS §802(b), as last amended, provides, inter alia: "An employe shall be ineligible for compensation for any week—. . . (b)(1) In which his unemploy-. ment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ."

The record in this case clearly reveals that the claimant "resigned" his employment because he did not like his superior, Mr. Barrett. He testified as follows: "In other words, if I am wrong . . . I just could not stand anymore of Mr. Barrett for his domineering ways. Better than fight with the gentleman or fight with anybody I just resigned from the position."

The board's finding that the "Claimant voluntarily terminated his employment because of his dissatisfaction with his working conditions" is amply supported by competent evidence.

Decision affirmed.