Hemmings Unemployment Compensation Case.

Argued November 15, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*David B. Washington,* with him *Shields, Watson & Washington,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., December 14, 1961:

In this unemployment compensation case the bureau, the referee and the board refused compensation to appellant and found that he voluntarily terminated his employment without cause of a necessitous and compelling nature under §402(b)(1) of the Unemployment Compensation Law, 43 PS §802(b)(1).

Appellant was originally employed as a mechanic by Medical Arts Garage, Pittsburgh, Pennsylvania, on August 16, 1957. In January of 1958 he was assigned to duty in the warehouse as an overseer. Subsequently his work alternated between work as a mechanic and

work in the warehouse. In January of 1961 appellant quit because there was "too much aggravation at the warehouse and he didn't care to do that type of work anymore." His attorney now contends that he quit because there was no heat in the warehouse. He testified, however, as follows: "[Referee to Claimant:] Q. You became dissatisfied with being cold there and you wouldn't—A. That wasn't the point. I was hired as a mechanic. I am trying to tell you, the man hired me as a mechanic. That job required no mechanical stuff at all. I put the cars away. When the dealers came to get them—he gave me a typewriter. I had to type price lists and put them on the windshields. He furnished me a car all the while I worked there. Q. You were dissatisfied with having to do that kind of work. A. I said, 'You didn't hire me for this kind of stuff.' He said, 'I will find someone to do the job.' "

We have repeatedly held that dissatisfaction with working conditions or work assignment is not sufficient to constitute cause of necessitous and compelling nature: *Smith Unemployment Compensation Case,* 181 Pa. Superior Ct. 185, 124 A. 2d 707; *Pierce Unemployment Compensation Case,* 189 Pa. Superior Ct. 246, 150 A. 2d 148; *Pomorski Unemployment Compensation Case,* 189 Pa. Superior Ct. 257, 150 A. 2d 145; *Zahorchak Unemployment Compensation Case,* 191 Pa. Superior Ct. 229, 156 A. 2d 367; *Coyle Unemployment Compensation Case,* 191 Pa. Superior Ct. 482, 159 A. 2d 13; *Johnson Unemployment Compensation Case,* 192 Pa. Superior Ct. 283, 161 A. 2d 626.

Counsel also argues that appellant did not receive a fair hearing before the referee. We have reviewed the record and cannot agree with this criticism.

Decision affirmed.