Paul E. Swires, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 15, 1984, to Judges MacPhail, Barry and Blatt, sitting as a panel of three.

*James Bukac,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Barry, June 27, 1984:

This appeal results from an order of the Unemployment Compensation Board of Review (Board), affirming a decision of the referee which denied unemployment benefits to petitioner, Paul E. Swires.

Petitioner had been employed as a tractor-trailer driver by Klapec Trucking Co., which was owned and

operated by J. Bernard Klapec. During his employ with Klapec, petitioner and another employee, Charles T. Brant, had driven as a team.

On July 16, 1982, petitioner and Brant had just completed a trip which had taken them from Oil City, the home office of Klapec Trucking, to California and back. They arrived at the Oil City plant of Electralloy at 4:30 p.m. on the Friday afternoon with a full load. Petitioner called Robert Stahlman, a dispatcher for Klapec Trucking, for instructions. Stahlman informed petitioner that Electralloy had a load which had to be delivered to Dayton, Ohio, by the following Monday. Since the Electralloy plant was not open on the weekend, Stahlman told petitioner it would be necessary to unload the truck's shipment which was destined for Electralloy, reload the shipment for Dayton and then return the truck to Klapec Trucking where it would be ready for the Monday morning trip to Ohio. Petitioner relayed the instructions to Brant, who then called the dispatcher and informed him that the two drivers were too tired and hungry to complete the task. Stahlman then put Klapec on the telephone and the owner told Brant to either follow the insructions or be discharged.

Brant returned to the truck; the pair returned the truck to the yard of Klapec Trucking without unloading it. Klapec then informed Brant that he was fired. When petitioner informed Klapec that he had no knowledge of what Brant was doing, Klapec told petitioner that he had not been discharged and that he should report to work on Monday.

Petitioner returned to work on Monday morning and was instructed to deliver a load to Buffalo, New York. Klapec told petitioner he could either drive alone or have another driver assigned to work as petitioner's partner. Petitioner told Klapec that both ar-

rangements were unacceptable and, thereafter, voluntarily terminated his employment.

Petitioner applied for unemployment benefits. The Office of Employment Security, however, denied benefits. Petitioner then appealed to a referee who, on September 3, 1982, conducted a hearing covering the appeals of both petitioner and Brant. At the hearing, both drivers attempted to prove that completing the assigned task on Friday afternoon would have required the pair to disobey applicable federal regulations. The referee, however, affirmed the denial of benefits. Petitioner appealed to the Board which affirmed the referee's decision. This appeal followed.

Section 402(b) of the Pennsylvania Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802 (b) (Supp. 1983-84) provides, "An employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ." In cases involving voluntary termination by an employee, that employee bears the burden of proving the existence of necessitous and compelling reasons justifying the separation. *Sofis v. Unemployment Compensation Board of Review,* 68 Pa. Commonwealth Ct. 366, 449 A.2d 110 (1982). In *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 358-59, 378 A.2d 829, 832-33 (1977) (Citations omitted), the court stated:

Although the precise language used to describe the condition of necessitous and compelling circumstances has varied from case to case, . . . it can be said that "good cause" for voluntarily leaving one's employment (i.e. that cause which is necessitous and compelling) results from circumstances which produce pressure to terminate employment that is both real and substan-

tial, and which would compel a reasonable person under the circumstances to act in the same manner.

As petitioner, the party bearing the burden of proof, failed to prevail below, "this Court is limited to determining whether the Board's findings of fact are consistent with each other and with the Board's conclusions of law and its order and whether the findings can be sustained without a capricious disregard of competent evidence." *DeMelfi v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 577, 580, 442 A.2d 1249, 1251 (1982). Keeping this standard of review in mind, we will address petitioner's allegations of error.

Initially, we must note that petitioner does not argue that any of the findings of fact are not supported by substantial evidence, nor could he prevail were he to so argue, since our review of the present record convinces us that all of the findings are supported by evidence in the record. Petitioner does argue, however, that the fact finder capriciously disregarded both his testimony and that offered by Brant. Petitioner's argument centers on the credibility of conflicting testimony which was resolved in the employer's favor. A reviewing court may not disturb a fact finder's determination of credibility; petitioner's claim is meritless.

Petitioner's remaining arguments relate to the issue of necessitous and compelling reasons justifying his voluntary termination. He first claims that the fact finder failed to consider the correct federal regulations in deciding whether he and his partner were justified in refusing to unload and reload the truck on Friday afternoon. Similarly, petitioner argues the employer's alleged profane and derogatory remarks directed toward the pair on Friday constituted the requisite necessitous and compelling reasons. We

need not reach the merits of these arguments because the fact finder found that only Brant and not petitioner, had been discharged as a result of the Friday confrontation. The Board found that claimant quit his job for two reasons, one of which was his dissatisfaction over Brant's discharge. Even if Brant was wrongfully discharged, we do not believe this would amount to cause of a necessitous and compelling nature justifying petitioner's voluntary termination. The circumstances surrounding Brant's discharge are, therefore, irrelevant to the present controversy.

. Petitioner finally argues that he was justified in refusing to accept another driver as a partner, the second reason given for terminating his employment. Petitioner testified he had great faith in Brant's driving ability and if teamed with a less skillful driver, petitioner would be fearful of his own safety. Petitioner argues that the change in working conditions was a substantial unilateral change which allowed him to qualify for benefits in spite of his voluntary termination. *National Aluminum Corp. v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 359, 429 A.2d 1259 (1981).

In *Seroskie v. Unemployment Compensation Board of Review*, 169 Pa. Superior Ct. 470, 82 A.2d 558 (1951), the claimant had worked in the mines for over two years with one partner. When the employer split the pair, claimant quit rather than work with a new partner. The court affirmed the denial of benefits. While recognizing that the assignment of a new partner could, in some circumstances, justify a voluntary termination, the court stated:

> However, here the claimant voluntarily left his employment rather than try the new arrangement. He made no reasonable effort to see if the arrangement of the employer could possibly work out, and it seems clear that he should have

exercised such a reasonable effort in order to maintain his employment status, instead of terminating his employment and becoming unemployed.

*Id.* at 472-73, 82 A.2d at 559. In the present case, petitioner never made any effort to see if a new driver would have been acceptable and, therefore, petitioner has failed to show good cause justifying his termination. *Seroskie.*

ORDER

Now, June 27, 1984, the order of the Unemployment Compensation Board of Review at No. B-212572, dated December 7, 1982, is affirmed.