Dennis Unemployment Compensation Case.

Argued November 12, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Glenn E. Mencer,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY WATKINS, J., January 21, 1958:

This is an appeal from a decision of the Unemployment Compensation Board of Review, which affirmed the bureau and the referee in denying claim credit to the appellant on the ground that he voluntarily left work without cause of a necessitous and compelling nature within the meaning of Section 402 (b) of the Unemployment Compensation Law.

Ronald A. Dennis, claimant appellant, was employed by the Pennsylvania Drilling Company in June

of 1956. He had information that his work would be terminated in the near future. Without waiting for the anticipated termination of his work, he left his employment on June 30, 1956. He returned to his former occupation as a drilling contractor and was so employed from June 30, 1956 to December 14, 1956. On January 1, 1957, the appellant registered for work and filed a claim for unemployment benefits.

The board affirmed the findings of fact of the referee that the appellant voluntarily terminated his employment in order to become self employed as a drilling contractor; that he was not laid off or discharged, and continuing work was available had he chosen to remain. There is sufficient competent evidence to support these findings.

Section 402 (b) of the Unemployment Compensation Law, 43 PS §802 (b), provides as follows: "An employe shall be ineligible for compensation for any week—In which his unemployment is due to voluntarily leaving work *without cause of a necessitous* and compelling nature, irrespective of whether or not such work is in 'employment' as defined in this act . . .".

The legislature has adopted the phraseology used by the court many times in construing "good cause". See *Allen Unemployment Compensation Case,* 174 Pa. Superior Ct. 514, 517, 102 A. 2d 195 (1954) ; *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 557, 45 A. 2d 898, 903 (1946).

A laudable motive, in this case, a desire to go into business for himself because of a fear that his employment might terminate in the near future, is not the "cause of a necessitous and compelling nature" which justifies an employee's terminating his relation with his employer. The law does not make an employer the insurer to any extent whatsoever of the private ventures of their employees. An employee who left

his work to go into a business of his own, which failed, becomes an unemployed business man and not a compensable unemployed worker: *Dawkins Unemployment Compensation Case,* 358 Pa. 224, 56 A. 2d 254 (1948).

The appellant voluntarily terminated his employment to go into a private venture of his own and such a termination of employment is without cause of a necessitous and compelling nature.

The decision of the Unemployment Compensation Board of Review is affirmed.