# Hogg Unemployment Compensation Case.

Argued March 14, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE ERVIN, WATKINS, and MONTGOMERY, JJ.

*Charles B. Hogg,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WOODSIDE, J., March 24, 1960:

The appellant in this unemployment compensation case was denied compensation by the Bureau of Employment Security, the referee and the Board of Review, each concluding that his separation from his employment was voluntary and without cause of a necessitous and compelling nature.

The appellant was employed by a Philadelphia firm to sell centrifugal machines used in the sugar industry. He went to Cuba to sell these machines. After he was there several weeks, he was directed by his employer to return to the United States. The board found that "The claimant did not return but decided to remain in Cuba and attempt to establish a business for himself," and that "Continuing employment was available for the claimant had he desired to work for the company in the United States." The record supports these findings.

The claimant contended before the board, and argues now, that he terminated his employment because he could not rely on the employer producing the machines which the claimant was attempting to sell. The evidence does not support his contention.

The board concluded that his unemployment was due to voluntarily leaving work without cause of a necessitous and compelling nature and that he was therefore ineligible for compensation under the provisions of Section 402(b) of the Unemployment Compensation

594

Law of December 5, 1936, P. L. (1937) 2897, as amended, 43 PS §802(b).

If an employe voluntarily terminates his employment to go into a private venture of his own, the termination of his employment is without cause of a necessitous and compelling nature. *Dennis Unemployment Compensation Case*, 185 Pa. Superior Ct. 104, 106, 137 A. 2d 811 (1958).

Decision affirmed.