Siecker Unemployment Compensation Case.

Argued November 16, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Theodore John Seicker,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., December 14, 1960:

In this unemployment compensation case the claimant, Theodore Siecker, was denied benefits because subsequent to voluntarily leaving work without good cause he had not been paid remuneration for services in an amount equal to or in excess of eight times his weekly benefit rate as provided in §401(f) of the Unemployment Compensation Law, 43 PS §801(f). The Bureau of Employment Security, the Referee, and the Board of Review all so concluded. Hence this appeal.

The claimant was last employed by the Inter-Ocean Insurance Company, Pittsburgh, Pennsylvania, as a debit insurance collector, at a weekly salary of $110. His last day of work with this company was January 23, 1959. The record discloses that he was dissatisfied with his earnings and sought to improve his situation by leaving his employment as a debit insurance collector to become self-employed as an insurance agent, selling for the Reserve Life Insurance Company, Rochester, Pennsylvania. This made him at that time a

"voluntary quit". The termination of the employment relationship must be compelled by "necessitous circumstances". *Allen Unemployment Compensation Case,* 174 Pa. Superior Ct. 514, 102 A. 2d 195 (1954); *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 45 A. 2d 898 (1946).

The finding of the board that he "voluntarily terminated his employment with the Inter-Ocean Insurance Company to become self-employed as an independent contractor selling insurance for the Reserve Life Insurance Company. He received no salary or expense allowance, remuneration was by commissions only", is supported by competent testimony and is binding on this Court. *Ristis Unemployment Compensation Case,* 178 Pa. Superior Ct. 400, 116 A. 2d 271 (1955).

"The law does not make an employer the insurer to any extent whatsoever of the private ventures of their employees. An employee who left his work to go into a business of his own, which failed, becomes an unemployed business man and not a compensable unemployed worker." *Dennis Unemployment Compensation Case,* 185 Pa. Superior Ct. 104, 105, 137 A. 2d 811 (1958). See also: *Dawkins Unemployment Compensation Case,* 358 Pa. 224, 56 A. 2d 254 (1948).

In July of 1959 after this claimant was in business for himself, he was temporarily employed by the Reserve Life Insurance Company as acting manager of its New Castle, Pennsylvania office for a period of approximately two weeks and received a total salary of $184 for that period. This office was closed and the claimant reverted to his self-employment status as an insurance agent.

The amount of his earnings as manager of the New Castle office was not equal to or eight times his weekly benefit rate as provided by the law, supra.

Decision affirmed.