583 A.2d 49

**Jerry ZYWICKI, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 24, 1990.

Decided Nov. 29, 1990.

Jerry Zywicki, Greensburg, pro se.

Maribeth Wilt–Seibert, Asst. Counsel, with her, Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before CRAIG, President Judge, and PELLEGRINI, J., and CRUMLISH, Jr., Senior Judge.

CRUMLISH, Jr., Senior Judge.

Jerry Zywicki, pro se, appeals an Unemployment Compensation Board of Review (Board) order upholding a referee's decision to deny Trade Readjustment Assistance (TRA)[1] benefits. We affirm the Board's decision.

Zywicki requested TRA training benefits to become a certified art teacher. The Office of Employment Security and referee denied Zywicki's request because he was employed at the time he sought training.

On appeal, the Board found the following facts, which are undisputed. Zywicki had lost his carpenter job at U.S. Steel in January, 1985 due to import competition. He was given TRA training benefits while unemployed. Two-and-a-half years later, Zywicki became employed as a mechanical repairman at USX earning $28,000 per year.

---

1. Under the Federal Trade Act of 1974 (Federal Trade Act or Act), 19 U.S.C. §§ 2101–2487, assistance is provided to United States workers whose jobs are adversely affected by the importing of products.

In 1989, Zywicki sought additional TRA training benefits, even though he was employed at the time of his application. Zywicki contends, nonetheless, that he is eligible for TRA benefits to cover tuition and expenses for an arts certification degree.

The Board determined that Zywicki's employment at the time he sought additional training was "suitable" under Section 236 of the Federal Trade Act, 19 U.S.C. § 2296. Therefore, it upheld the denial of TRA benefits.

Section 236(a) of the Federal Trade Act, 19 U.S.C. § 2296(a)(1)(A), provides that a claimant may be eligible for TRA training benefits, if it is determined, inter alia, that there is no "suitable employment" available for a worker.

The definition of "suitable employment" found at 20 CFR § 617.22, in turn provides:

> For purposes of this section, the term *"suitable employment"* means, with respect to an individual, work of a substantially *equal or higher skill level* than the individual's past adversely affected employment, *and wages for such work at not less than 80 percent of the individual's average weekly wage;*

(Emphasis added.)

Here, the Board found that Zywicki was hired by USX in August 1987, and was then employed as a mechanical repairman at a salary equal to his previous yearly wage of $28,000. Hence, it concluded that Zywicki was suitably employed and therefore ineligible for TRA training benefits.[2]

We perceive no error in the Board's conclusion that Zywicki was suitably employed under the Act's provisions. The Act requires that, to be suitably employed, his wages be *no less than eighty percent* of his past weekly wage. Zywicki was earning *the same salary* as that of his past

---

2. This Court in *Tener v. Unemployment Compensation Board of Review*, 130 Pa.Commonwealth Ct. 433, 568 A.2d 733 (1990), held that it is the claimant's burden to show that he meets the criteria and conditions for TRA training benefits. Here, Zywicki failed to meet this burden of proof.

adversely affected carpenter position at U.S. Steel. Moreover, it is reasonable to conclude, as the Board did, that Zywicki's job as a mechanical repairman was of a substantially equal or higher skill level than that of a carpenter.

Accordingly, we affirm the Board's decision.

## ORDER

The Unemployment Compensation Board of Review order, No. B–281487, dated April 17, 1990, is affirmed.