Dean SHOWERS, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Paul Alexander, Petitioner,

v.

Unemployment Compensation Board
of Review, Respondent.

Franklin Blieler, Petitioner,

v.

Unemployment Compensation Board
of Review, Respondent.

Russell Bowman, Petitioner,

v.

Unemployment Compensation Board
of Review, Respondent.

David Breidigan, Petitioner,

v.

Unemployment Compensation Board
of Review, Respondent.

Willie Duncan, Petitioner,

v.

Unemployment Compensation Board
of Review, Respondent.

Charles Edwards, Jr., Petitioner,

v.

Unemployment Compensation Board
of Review, Respondent.

Mark Finkel, Petitioner,

v.

Unemployment Compensation Board
of Review, Respondent.

Melvin Fiorvanti, Sr., Petitioner,

v.

Unemployment Compensation Board
of Review, Respondent.

Richard Hinnershitz, Jr., Petitioner,

v.

Unemployment Compensation Board
of Review, Respondent.

Kevin Hoy, Petitioner,

v.

Unemployment Compensation Board
of Review, Respondent.

Peter Jacobs, Petitioner,

v.

Unemployment Compensation Board
of Review, Respondent.

Jerome Kissling, Petitioner,

v.

Unemployment Compensation Board
of Review, Respondent.

Mark McNeal, Petitioner,

v.

Unemployment Compensation Board
of Review, Respondent.

Irvin Miller, Petitioner,

v.

Unemployment Compensation Board
of Review, Respondent.

Mary Miller, Petitioner,

v.

Unemployment Compensation Board
of Review, Respondent.

Ronald Moyer, Petitioner,

v.

Unemployment Compensation Board
of Review, Respondent.

John Myjzkowski, Petitioner,

v.

Unemployment Compensation Board of Review, Respondent.

Jeffrey Pepple, Petitioner,

v.

Unemployment Compensation Board of Review, Respondent.

John Rosenberger, Jr., Petitioner,

v.

Unemployment Compensation Board of Review, Respondent.

James Sianis, Petitioner,

v.

Unemployment Compensation Board of Review, Respondent.

Robert Spangler, Petitioner,

v.

Unemployment Compensation Board of Review, Respondent.

Gary Steve, Petitioner,

v.

Unemployment Compensation Board of Review, Respondent.

Thomas Wertz, Petitioner,

v.

Unemployment Compensation Board of Review, Respondent.

Harry Wetzel, Petitioner,

v.

Unemployment Compensation Board of Review, Respondent.

David Wloczewski, Petitioner,

v.

Unemployment Compensation Board of Review, Respondent.

Alfred Zimmerman, Petitioner,

v.

Unemployment Compensation Board of Review, Respondent.

Commonwealth Court of Pennsylvania.

Argued Feb. 12, 2013.

Decided March 5, 2013.

Thomas J. O'Brien, West Chester, for Petitioners.

Judith M. Gilroy, Assistant Counsel, Harrisburg, for Respondent.

BEFORE: BROBSON, Judge, and McCULLOUGH, Judge, and COVEY, Judge.

OPINION BY Judge COVEY.

Dean Showers, Paul Alexander, Franklin Blieler, Russell Bowman, David Breidigan, Willie Duncan, Charles Edwards, Jr., Mark Finkel, Melvin Fiorvanti, Sr., Richard Hinnershitz, Jr., Kevin Hoy, Peter Jacobs, Jerome Kissling, Mark McNeal, Irvin Miller, Mary Miller, Ronald Moyer, John Myjzkowski, Jeffrey Pepple, John Rosenberger, Jr., James Sianis, Robert Span-

gler, Gary Steve, Thomas Wertz, Harry Wetzel, David Wloczewski, and Alfred Zimmerman (collectively, Claimants) petition for review of the Unemployment Compensation Board of Review's (UCBR) March 14, 2012 orders affirming the Referee's decision finding Claimants ineligible for Trade Adjustment Assistance, and to receive basic and additional Trade Readjustment Allowances.[1] There are three issues before this Court: (1) whether a lockout is a qualifying "layoff" or "severance" under Section 247(10) of the Trade Act of 1974 (Trade Act), 19 U.S.C. § 2319(10); (2) whether "lack of work" under Section 247(2) of the Trade Act, 19 U.S.C. § 2319(2), concerns work available at the plant or work available to the employees; and (3) whether a union member forfeits Trade Act benefits when he offers to work under an expired union contract. We affirm.

For purposes of this appeal, Claimants were last employed with Hofmann Industries (Employer) and were members of the United Steelworkers Union (Union). Employer and Union's collective bargaining agreement (CBA) expired in March 2011 and they could not agree on terms for a new contract. Union sought to continue working under the former CBA terms while negotiating the terms of a new contract, but Employer refused Union's request. On March 6, 2011, Employer locked out Claimants and replaced them with workers from temporary agencies.

After the lockout, Claimants received unemployment compensation (UC) benefits because Employer refused them the opportunity to work at their earlier higher wages. On May 10, 2011, Claimants filed a petition for certification to apply for Worker Adjustment Assistance and alternative Trade Adjustment Assistance pur-

1. Claimants' cases were consolidated for purposes of appeal.

suant to the Trade Act.[2] On August 26, 2011, a certification was issued allowing Claimants, and certain leased employees from two temporary employment agencies, who had become totally or partially separated from Employer's employment on or after December 20, 2010, to apply for Adjustment Assistance under Chapter 2 of the Trade Act, and alternative Trade Adjustment Assistance under Section 246 of the Trade Act, 19 U.S.C. § 2318.[3]

Pursuant to the certification, Claimants filed an application for Trade or Transitional Adjustment Assistance and/or Trade Readjustment Allowances. The UC Service Center issued Notices of Determination finding Claimants ineligible for Trade Adjustment Assistance and additional Trade Readjustment Allowances because Claimants' employment separation was due to a lockout rather than a lack of work. Claimants appealed, and a Referee held a hearing. The Referee affirmed the UC Service Center's determination. Claimants appealed to the UCBR. The UCBR affirmed the Referee's decision. Claimants appealed to this Court.[4]

Claimants argue that a lockout is a qualifying "layoff" or "severance" under the Trade Act. Specifically, Claimants contend, for purposes of Trade Act benefits, as with regular UC benefits, there is a difference between a lockout and a strike. A lockout is, in effect, a layoff/severance and, consequently, a lack of work for Claimants.

Claimants further assert that they should qualify for benefits because they offered to work under the terms of the old CBA but Employer refused, arguing that foreign competition required the wage reduction. We disagree.

Section 247 of the Trade Act defines **"adversely affected employment"** as "employment in a firm, if workers of such firm are **eligible to apply for adjustment assistance** under this part[,]" and an "**adversely affected worker**" as "an individual who, **because of lack of work** in adversely affected employment, has been **totally or partially separated from such employment.**" 19 U.S.C. § 2319(1), (2) (emphasis added). Section 222(a) of the Trade Act states that a group of workers are "eligible to apply for adjustment assistance" if the Secretary of Labor determines:

(1) a significant number or proportion of the workers in such workers' firm have become **totally or partially separated ... and**

(2)(A)(i) the sales or production, or both, of such firm have decreased absolutely;

(ii)(I) imports of articles or services like or directly competitive with articles produced or services supplied by such firm have increased;

(II) imports of articles like or directly competitive with articles—

---

2. The Trade Act established several federal programs to provide benefits to American workers adversely affected by foreign competition. *See* 19 U.S.C. §§ 2101–2487.

3. The regulations promulgated by the Secretary pursuant to the Trade Act provide that, after the Secretary determines which general categories of workers are eligible for assistance, the unemployment insurance agencies of the states have jurisdiction to determine the entitlements of individual claimants, and that appeals from such agency determinations

shall follow the applicable route under state law.
*Glover v. Unemployment Comp. Bd. of Review,* 874 A.2d 692, 693 n. 1 (Pa.Cmwlth.2005).

4. This Court's review is limited to determining whether the findings of fact were supported by substantial evidence, whether constitutional rights were violated, or whether errors of law were committed. *Brunswick Hotel & Conference Ctr., LLC v. Unemployment Comp. Bd. of Review,* 906 A.2d 657 (Pa. Cmwlth.2006).

**(aa)** into which one or more component parts produced by such firm are directly incorporated, or

**(bb)** which are produced directly using services supplied by such firm, have increased; or

**(III)** imports of articles directly incorporating one or more component parts produced outside the United States that are like or directly competitive with imports of articles incorporating one or more component parts produced by such firm have increased; and

**(iii)** the increase in imports described in clause (ii) contributed importantly to such workers' separation or threat of separation and to the decline in the sales or production of such firm; or

**(B)(i)(I)** there has been a shift by such workers' firm to a foreign country in the production of articles or the supply of services like or directly competitive with articles which are produced or services which are supplied by such firm; or

**(II)** such workers' firm has acquired from a foreign country articles or services that are like or directly competitive with articles which are produced or services which are supplied by such firm; and

**(ii)** the shift described in clause (i)(I) or the acquisition of articles or services described in clause (i)(II) contributed importantly to such workers' separation or threat of separation.

19 U.S.C. § 2272(a) (emphasis added). Finally, Section 247(10) of the Trade Act defines "total separation" as "the **layoff or severance** of an individual from employment with a firm **in which adversely affected employment exists.**" § 19 U.S.C. § 2319(10) (emphasis added).

Here, the record is clear that the Employer and Union's CBA expired and, because Employer and Union could not agree on new contract terms, Employer locked out Claimants. Hence, Claimants' employment separation was due to the contract expiration and the impasse of the parties' negotiations, not foreign competition. There is nothing in the Trade Act which authorizes benefits in the case of a labor dispute which results in a lockout.

This result is also evidenced by the fact that, not only did the temporary workers replace Claimants at the plant; they worked for the wages offered by Employer during contract negotiations, which Claimants refused. Further, the temporary workers who Employer laid off were found eligible for Trade Act benefits because Employer discharged them rather than locked them out due to an expired CBA and impasse. Moreover, while foreign competition may have caused the contract disagreements concerning wages which led to the lockout, the Trade Act does not provide benefits in such circumstances. Accordingly, a lockout is not a qualifying "layoff" or "severance" under the Trade Act.

■ Claimants next argue that "lack of work," as used in the definition of "adversely affected worker" under the Trade Act means work available to the individual employee, rather than work available at the plant. *See* 19 U.S.C. § 2319(10). Expressly, Claimants contend that lack of work should be analyzed similarly to "work stoppage" under the Unemployment Compensation Law (UC Law).[5] Claimants assert that a work stoppage analysis under the UC Law focuses on cessation of work by an employee, not cessation of work at

**5.** Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751– 914.

the plant, thus, they should be entitled to benefits. We disagree.

Claimants are correct that lockouts do not disqualify a worker from receiving UC benefits. Section 402 of the UC Law specifically provides: "An employe shall be ineligible for compensation for any week—(d) In which his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lock-out) at the factory . . . ." 43 P.S. § 802. However, the purpose of the UC Law and the objective of the Trade Act are different. The UC Law provides financial assistance to displaced employees due to lack of work caused by Employer, whereas the Trade Act furnishes support to workers separated from their employment because of foreign competition.

Claimants contend that the Referee denied Trade Act benefits because the Referee incorrectly interpreted "lack of work" to mean at the plant. The Referee held: "As the employer replaced the locked out workers with temporary workers, the separation of the claimant cannot be characterized as one due to lack of work **in adversely affected employment**." Ref. Dec. at 2 (emphasis added). The Referee clearly determined that the impact of foreign competition was not the reason for Claimants' lack of work; otherwise, the temporary workers would not be performing the same work Claimants previously carried out for Employer. Accordingly, the Referee properly determined that the lockout was the reason for Claimants' "lack of work" within the meaning of the Trade Act.

Lastly, Claimants argue that a union member does not forfeit Trade Act benefits when he offers to work under an expired Union contract. Particularly, Claimants contend that under the Referee's analysis, Union members are being penal-ized for exercising their collective bargaining rights. We disagree.

 The UC Law and the Trade Act have two distinct purposes, neither of which overlap or conflict with the other. Claimants' collective bargaining rights do not in any manner prejudice the receipt of benefits under the Trade Act. The Trade Act specifically enumerates under what circumstances benefits may be awarded. Claimants simply do not meet the statutory criteria to entitle them to Trade Act benefits, regardless of whether they exercised their collective bargaining rights. Accordingly, Claimants' offer to work under the expired contract did not cause their denial of Trade Act benefits.

For all of the above reasons, the UCBR's orders are affirmed.

### ORDER

AND NOW, this 5th day of March, 2013, the Unemployment Compensation Board of Review's March 14, 2012 orders are affirmed.