IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph T. Gontis,  :
             Petitioner  :
               :
          v.  :  No. 1652 C.D. 2015
               :  Submitted: March 4, 2016
Unemployment Compensation Board  :
of Review,  :
             Respondent  :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT             FILED: May 6, 2016

        Joseph Gontis (Claimant) petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) denying his claim for a Trade Readjustment Allowance under the federal Trade Act of 1974 (Trade Act), 19 U.S.C. §§2101-2487.[1]  In doing so, the Board affirmed the decision of the Referee, who held that Claimant was ineligible for Trade Act benefits because his separation from employment was not due to a lack of work.  For the reasons that follow, we affirm.

---

[1] The Trade Act established several federal programs to provide benefits to American workers adversely affected by foreign competition. *Showers v. Unemployment Compensation Board of Review*, 64 A.3d 1143, 1146 n.2 (Pa. Cmwlth. 2013).  The U.S. Secretary of Labor determines the categories of workers eligible for assistance. *Id.* at 1146 n.3.  State unemployment compensation agencies have jurisdiction to determine the entitlements of individual claimants, and appeals from such agency determinations proceed under the applicable state law. *Id.*

Claimant was employed by PBS Coals, Inc. (Employer)[2] as a section mechanic from November 2008 until September 3, 2014. On Claimant's final day of work, he either refused to take or failed a drug test. Employer told Claimant to go home and not return to work until Employer called him. Employer never called. On September 8, 2014, Claimant received a packet from Employer with instructions on how to maintain his Employer-provided health insurance while unemployed. Believing that he had been discharged, Claimant applied for Trade Act benefits. On April 29, 2015, the Indiana UC Service Center denied Claimant's application. Claimant appealed, and a hearing was held before a Referee on June 5, 2015. At the hearing, Claimant testified on his own behalf; Employer did not participate.[3]

Claimant testified that Employer required all employees to take a drug test on September 3, 2014. The following day, Employer "laid off everybody" except Claimant, who was discharged. Notes of Testimony, 6/5/2015, at 5 (N.T. ___). The Referee questioned Claimant further regarding Employer's actions:

> [Referee]: So every miner had to get a drug test around September 3rd, 2014?
>
> [Claimant]: Yes.
>
> [Referee]: So none of your co-workers went back to work but they discharged you?
>
> [Claimant]: They said they would call me in three days. Yes they would get back to me in three days.

---

[2] For reasons unknown to this Court, Employer is also interchangeably referred to as Rox Coal throughout the record and parties' briefs.

[3] Even though Employer did not participate, two representatives of the Indiana UC Service Center testified in opposition to Claimant's application for Trade Act benefits.

[Referee]: And you're saying 190 [employees] went for drug tests on September 3rd, 2014 and no one came back to work?

[Claimant]: No they came back to work. Some of them did and some of them didn't. Some of them went home and they were told to go home for a couple days and then some of them just went back to work.

[Referee]: Okay because I thought you originally said that they closed the mine down on September 3rd.

[Claimant]: Well I don't know about that now because (inaudible) close the mine down.

N.T. 6-7.

On June 10, 2015, the Referee issued a decision finding Claimant ineligible for Trade Act benefits and denying Claimant's application. The Referee found that "[C]laimant was not separated due to lack of work, but a purported refusal or failed substance abuse test." Referee's Decision at 1, Finding of Fact No. 5.[4] Claimant appealed. On review, the Board agreed with the Referee that Claimant did not meet his burden of showing that he was separated due to a lack of work, which is a prerequisite for Trade Act benefits. Claimant petitioned for this Court's review.

On appeal,[5] Claimant argues that the Board erred in concluding that he was not laid off due to a lack of work because Employer offered no evidence

---

[4] The Referee acknowledged that there was not sufficient evidence to demonstrate that Claimant was discharged for willful misconduct. We note that Claimant was deemed eligible for unemployment benefits in a separate proceeding.

[5] On review, this Court must determine whether the Board's decision is supported by substantial evidence, errors of law were committed, or constitutional rights were violated. *Moore v. Unemployment Compensation Board of Review*, 520 A.2d 80, 82 (Pa. Cmwlth. 1987).

3

that it was justified in discharging Claimant.[6]  Essentially, Claimant is arguing that Employer manufactured a reason to fire him so it could avoid laying him off.[7]  The Board counters that it did not err in denying Trade Act benefits because Claimant did not meet his burden of demonstrating he was laid off.  According to the Board, it is irrelevant for purposes of the Trade Act whether Claimant failed or refused to take a drug test.  Rather, the finding of the Board most critical to this appeal is that Claimant was discharged, not laid off.  Having reviewed the record and the parties' arguments, we agree with the Board.

Section 231(a) of the Trade Act allows the payment of benefits to "adversely affected worker[s]."  19 U.S.C. §2291(a).  Section 247 of the Trade Act defines an "adversely affected worker" as "an individual who, *because of lack of work* in adversely affected employment, has been totally or partially separated from such employment."  19 U.S.C. §2319(2) (emphasis added).  The burden is on the claimant to prove that he was separated from employment due to a lack of work. *Zywicki v. Unemployment Compensation Board of Review*, 583 A.2d 49, 50 n.2 (Pa. Cmwlth. 1990).

---

[6] Claimant also contends that the Board denied him his due process rights by not allowing him the opportunity to confront Employer regarding its assertion that he refused to take or failed a drug test.  This is not a due process challenge, but rather a Sixth Amendment "confrontation clause" challenge.  However, because the Sixth Amendment applies only in criminal cases, this argument is meritless. *See In re Adoption of T.M.F.*, 573 A.2d 1035, 1041 (Pa. Super. 1990).

[7] We note that Claimant does not argue in his brief that the Board erred in denying his application for Trade Act benefits.  Instead, Claimant's brief makes multiple references to the Board denying Claimant unemployment benefits. *See* Claimant's Brief at 10 – 11.  Claimant also argues that the Board erred in denying Claimant "worker's compensation benefits." Claimant's Brief at 9.  It is unclear whether Claimant's counsel understands that this case concerns Claimant's application for benefits under the federal Trade Act as opposed to a different statute.

4

"The fact that the claimant was awarded Pennsylvania unemployment compensation benefits does not determine his entitlement to [Trade Act] benefits." *Mosqueda v. Unemployment Compensation Board of Review*, 431 A.2d 371, 373 (Pa. Cmwlth. 1981). As this Court has previously explained:

> [T]he purpose of the [Unemployment Compensation] Law and the objective of the Trade Act are different. The UC Law provides financial assistance to displaced employees due to lack of work caused by Employer, whereas the Trade Act furnishes support to workers separated from their employment because of foreign competition.

*Showers v. Unemployment Compensation Board of Review*, 64 A.3d 1143, 1148 (Pa. Cmwlth. 2013).

In the matter *sub judice*, Claimant failed to meet his burden of showing that he was separated from his employment because of a lack of work, *i.e.*, that Employer laid him off for reasons related to foreign competition in the coal mining industry. The evidence of record supports a finding that Claimant was discharged for some reason related to Employer's drug test. For instance, Claimant testified that many employees who took Employer's drug test returned to work. Moreover, Claimant did not receive a notice that he was being laid off. Instead, Claimant received an insurance continuation package that indicated he had been discharged.

Claimant correctly asserts that there is no evidence that he committed willful misconduct; however, that inquiry is only relevant to Claimant's eligibility for unemployment benefits, which Claimant received in a different proceeding. In order to obtain Trade Act benefits, Claimant had to prove that he was laid off. Because Claimant failed to do so, the Board properly denied his application.

5

For all of the above reasons, the order of the Board is affirmed.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph T. Gontis,              :
         Petitioner      :
                            :
       v.             :   No. 1652 C.D. 2015
                            :
Unemployment Compensation Board :
of Review,                 :
         Respondent    :

# **O R D E R**

AND NOW, this 6th day of May, 2016, the order of the Unemployment Compensation Board of Review dated August 6, 2015, in the above-captioned matter is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge