# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Ignacio Padron,  :
                  Petitioner  :
   :
          v.  :   No. 537 C.D. 2022
   :   Submitted: May 19, 2023
Unemployment Compensation  :
Board of Review,  :
              Respondent  :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE LORI A. DUMAS, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**          **FILED: July, 21, 2023**

Jose Ignacio Padron (Claimant) petitions for review of an October 27, 2021 Order of the Unemployment Compensation (UC) Board of Review (Board), affirming the decision of a Referee that determined Claimant was ineligible for UC benefits under Section 402(b) of the Unemployment Compensation Law (Law)[1] after he voluntarily left his employment at Belback Services Inc. (Employer). The Board determined that Claimant left his employment for personal reasons, which were not necessitous and compelling in nature. Based upon the factual findings and credibility determinations of the Board, by which this Court is bound, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). Section 402(b) states in relevant part, "[a]n employee shall be ineligible for compensation for any week . . . [i]n which his employment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . . ." *Id.*

## I.     BACKGROUND

Claimant began working full time for Employer on January 22, 2018. (Board's Decision, Finding of Fact (FOF) ¶ 1.) March 16, 2020, was Claimant's last day working for Employer. (*Id.*) Claimant initially filed a claim for benefits on August 17, 2020, indicating he was discharged for requesting too much time off for medical appointments and was forced to sign a resignation letter. (Certified Record (C.R.) at 17-20.) Employer responded, indicating that Claimant had voluntarily resigned his employment and signed a resignation letter. (*Id.* at 22-24.) A UC Service Center issued a Notice of Determination finding Claimant was "eligible for benefits under Section 402(e) of the . . . Law,"[2] as Employer had discharged Claimant and not met its burden of establishing Claimant's actions constituted willful misconduct. (*Id.* at 35.) Employer appealed the decision, and a telephone hearing was scheduled before the Referee. (*Id.* at 39, 47.)

At the hearing, Employer's Office Manager, who was also the daughter of Employer's owner (Owner), testified that Claimant missed a day of work and came into the office to tell her that he was leaving his position with Employer. (*Id.* at 65.) At that time, Office Manager asked Claimant to sign a letter of resignation as Employer had continuing work available.[3] (*Id.*) Office Manager further testified that she was unaware of Claimant's alleged recent issues with doctor's appointments

---

[2] Section 402(e) provides, in relevant part, "[a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work . . . ." 43 P.S. § 802(e).

[3] Although the letter of resignation is signed and dated by Claimant as effective on March 16, 2020, it states Claimant was resigning "[a]s per our conversation in your office on Wednesday, February 12, 2020." (C.R. at 42.) Office Manager explained she had drafted the resignation letter in February as that was when Claimant first began talking about his food truck and leaving his position. (*Id.* at 68.)

until Claimant filed for UC benefits.[4] (*Id.*) Office Manager testified that she was under the impression that Claimant was resigning because "he started his own thing." (*Id.*) Specifically, Office Manager testified Claimant relayed to her that Claimant had bought a food truck, which he planned to park on the lot next to a house he owns and sell tacos. (*Id.*) Office Manager stated that she had given Claimant "information on legalities about food handling, [and] getting his license to operate the food truck" at that time. (*Id.*) In addition, Office Manager explained that Claimant was a landlord and provided some taxi or Uber-like services, so "it sounded like he was going on to bigger and better things." (*Id.*)

Claimant appeared pro se at the hearing and testified that he occasionally needed to leave work early for doctor's appointments. (*Id.* at 66.) Claimant stated that on Friday, March 13, he was preparing to leave for his appointment, of which he had previously given Employer notice, when Owner became angry and ordered Claimant to resign. (*Id.*) Claimant left work to attend his appointment. (*Id.*) The following Monday, Claimant returned to work and was once again prompted by Owner to sign a letter of resignation, which Claimant testified that he signed to avoid "trouble." (*Id.*)

The Referee reversed the determination of the UC Service Center and found that Claimant was ineligible for benefits, having voluntarily quit his employment without cause of a necessitous and compelling nature. (Referee's Decision, C.R. at 73, 75.) Claimant appealed the decision of the Referee to the Board. (C.R. at 88-89.) Upon review, the Board affirmed, finding as follows:

---

[4] Office Manager acknowledged there were previous issues where Claimant missed work or left early. At the beginning, he was reprimanded, but Office Manager explained that because they needed somebody, they just "let it go." (C.R. at 65.)

3

1. [] [C]laimant was last employed as a full-time mechanic/inspector by [Employer] from January 22, 2018, and his last day of work was March 16, 2020.

2. On March 15, 2020, [] [C]laimant did not show up for a scheduled shift.

3. On March 16, 2020, [] [C]laimant told [] [Office Manager] that he was quitting his employment.

4. [Office Manager] understood that [] [C]laimant was leaving his employment to start his own business because [] [C]laimant stated that he bought a food truck and was going to sell tacos from it in the lot next to his residence.

5. [Office Manager] gave [] [C]laimant information on the legalities of food handling and getting a food truck license.

6. [Office Manager] asked that [] [C]laimant sign a resignation letter that she drafted, and [] [C]laimant voluntarily signed it.

(Board's Decision, FOF ¶¶ 1-6.) The Board acknowledged Claimant and Office Manager provided conflicting testimony as to circumstances surrounding Claimant's separation from employment and "resolve[d] the conflicts in the testimony, in relevant part, in favor of [Office Manager] and f[ound] her testimony to be credible that [] [C]laimant voluntarily quit his employment." (Board's Decision at 2.) The Board further determined that "[s]ince [] [C]laimant voluntarily left his employment, the burden rests upon him to show a cause of a necessitous and compelling nature for doing so," which Claimant did not do. (*Id.*) Rather, the Board determined "[C]laimant left his employment for personal reasons," namely, to operate his own food truck. (*Id.*) Accordingly, it denied benefits under Section 402(b) of the Law. (*Id.*)

4

Thereafter, Claimant filed a Petition for Review with this Court.[5]

## II.    PARTIES ARGUMENTS

On appeal, Claimant maintains he was terminated by Employer, but argues that should Section 402(b) of the Law apply, he had necessitous and compelling reasons to leave his employment. Claimant asserts that he had necessitous and compelling reasons, because he had a medical issue for which Claimant provided documentation to Employer, which Employer accommodated at first but was no longer willing to accommodate. (Claimant's Brief (Br.) at 13-14.) Instead, according to Claimant, Employer demanded Claimant's resignation on two separate occasions and gave Claimant a letter of resignation to sign. (*Id.* at 15.) Claimant asserts he resigned in lieu of termination, and based on Owner's demeanor and previous statements such as "yell[ing], berat[ing], and inform[ing] [Claimant] that he needed to go and he never wanted to see him again," termination was imminent if Claimant did not resign. (*Id.* at 15-17.)

Claimant further argues that, alternatively, he should be found eligible for UC benefits under Section 402(e) of the Law. Claimant asserts that there has been no evidence on the record that he acted with any type of willful misconduct and that Employer has not given evidence that rebuts Claimant's testimony regarding his treatment by Employer. (*Id.* at 21.)

---

[5] Claimant filed his Petition for Review of the Board's October 27, 2021 Order on June 2, 2022. By order dated June 16, 2022, this Court directed the parties to address the timeliness of the Petition for Review "in their principal briefs on the merits or in an appropriate motion." (*See* Order, filed June 17, 2022.) On July 14, 2022, the Board filed an Application for Summary Relief, challenging the timeliness of the Petition for Review. Claimant subsequently filed a "Motion for Leave to File Petition for [Review] Nunc Pro Tunc," which was granted following a hearing, and the Board's Application for Summary Relief was dismissed as moot. (*See* Memorandum and Order filed Nov. 14, 2022.)

The Board responds that Claimant voluntarily left his employment, and thus, Section 402(e) of the Law is not applicable. The Board asserts that Claimant demonstrated a conscious intention to quit to start his own food truck business, which is supported by substantial evidence. The Board also argues Claimant did not prove a necessitous and compelling reason to voluntarily leave his employment and Claimant cannot rely on his own version of events over the testimony credited by the Board to show otherwise. Accordingly, the Board asks the Court to affirm its Order.

## III. DISCUSSION

Initially, we note that the scope of "[t]his Court's review is limited to determining whether the findings of fact were supported by substantial evidence, whether constitutional rights were violated, or whether errors of law were committed." *Showers v. Unemployment Comp. Bd. of Rev.*, 64 A.3d 1143, 1146 n.4 (Pa. Cmwlth. 2013). On appeal, "[t]he Board's findings of fact are conclusive" as "long as the record taken as a whole contains substantial evidence to support them." *Henderson v. Unemployment Comp. Bd. of Rev.*, 77 A.3d 699, 718 (Pa. Cmwlth. 2013). "Substantial evidence is defined as relevant evidence upon which a reasonable mind could base a conclusion." *Id.* Furthermore, "[i]t is irrelevant whether the record contains evidence to support findings other than those made by the fact finder; the critical inquiry is whether there is substantial evidence in the record to support the findings actually made." *Wise v. Unemployment Comp. Bd. of Rev.*, 111 A.3d 1256, 1262 (Pa. Cmwlth. 2015). This Court must view the testimony in a light that is most favorable to the party that prevailed before the Board, in this case, Employer. *Henderson*, 77 A.3d at 718. The fact "[t]hat the court might have

6

a different opinion or judgment in regard to the action of an agency is not a sufficient ground for interference; judicial discretion may not be substituted for administrative discretion." *Bowman v. Dep't of Env't. Res.*, 700 A.2d 427, 428 (Pa. 1997) (quoting *Norfolk & W. Ry. Co. v. Pa. Pub. Util. Comm'n.*, 413 A.2d 1037, 1047 (Pa. 1980)). That is because "[t]he Board is the ultimate fact finder and has exclusive power to resolve conflicts in the evidence and to decide witness credibility and the weight to be accorded the evidence." *Wise*, 111 A.3d at 1261-62.

With these principles in mind, we turn to Claimant's arguments. Claimant first argues that under Section 402(b) of the Law, he had necessitous and compelling reasons for leaving his employment. Claimant argues that these reasons include a medical issue, which Employer was unwilling to accommodate any longer, such that Claimant was forced to quit in lieu of termination. However, Claimant's arguments as to his reasons for leaving his employment rely solely on his own testimony, which the Board did not credit. Instead, the Board credited Office Manager's testimony and found Claimant quit to start his own business operating a food truck, to which Claimant provided no response. (Board's Decision at 2.) Because Claimant did not specifically challenge any of the Board's findings of fact, those findings of fact are conclusive on appeal. *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198-99 (Pa. Cmwlth. 2008). Even if Claimant had challenged the Board's findings, we are bound by those findings, which are supported by Office Manager's testimony of her conversation with Claimant referencing his purchase of a food truck, plans to sell tacos, and voluntary signing of a resignation letter. (C.R. at 65.) The Court would exceed its scope of review if it were to reweigh the findings of fact once it determined the findings were supported by substantial evidence. *Stringent v. Unemployment Comp. Bd. of Rev.*, 703 A.2d 1084, 1090 (Pa. Cmwlth. 1997).

7

Case law supports the conclusion that when an employee voluntarily leaves his employment to become self-employed, he has not left his employment for "good cause" for the purpose of the Law. *Sun Shipbuilding & Dry Dock Co. v. Unemployment Comp. Bd. of Rev.*, 56 A.2d 254, 236 (Pa. 1948). *See Dennis v. Unemployment Comp. Bd. of Rev.*, 137 A.2d 811, 812 (Pa. Super. 1958) (holding "[t]he appellant voluntarily terminated his employment to go into a private venture of his own and such a termination of employment is without cause of a necessitous and compelling nature").

Next, Claimant argues that because his termination was not voluntary, it should be assessed under Section 402(e) of the Law, and not Section 402(b). If assessed under Section 402(e), Claimant asserts that Employer has not provided evidence to prove willful misconduct. Similar to the first issue, because the Board found that Claimant voluntarily left his employment, and this finding is supported by substantial evidence, we are bound by this finding as discussed above. Therefore, Claimant's separation was correctly assessed under Section 402(b) of the Law.

For the foregoing reasons we conclude that Claimant did not prove he had necessitous and compelling reasons to voluntarily leave his employment and the Board did not err in finding Claimant ineligible for UC benefits pursuant to Section 402(b) of the Law. Accordingly, we affirm the Board's Order.

_____
**RENÉE COHN JUBELIRER,** President Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Ignacio Padron,           :
           Petitioner     :
                        :
        v.          :   No.  537 C.D. 2022
                        :
Unemployment Compensation  :
Board of Review,          :
           Respondent   :

## O R D E R

**NOW**, July 21, 2023, the Order of the Unemployment Compensation Board of Review, dated October 27, 2021, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** President Judge