Tracey A. Fuller, : 
      Petitioner : 
          : 
  v.        : No. 1496 C.D. 2023
          : Submitted: November 7, 2024
Unemployment Compensation : 
Board of Review,     : 
      Respondent : 


BEFORE:  HONORABLE PATRICIA A. McCULLOUGH, Judge
      HONORABLE STACY WALLACE, Judge
      HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE WALLACE         FILED: December 19, 2024


   Tracey A. Fuller (Claimant), *pro se*, petitions for review of the September 28, 2023 order (Order) of the Unemployment Compensation Board of Review (Board), which affirmed the decision of an unemployment compensation referee (Referee) finding Claimant ineligible for unemployment benefits under Section 402(b) of the Unemployment Compensation Law (UC Law).[1] After review, we affirm.

## BACKGROUND

   Goodwill Industries of North Central Pennsylvania (Employer) employed Claimant full time as a rest area attendant. Certified Record (C.R.) at 174. Claimant worked for Employer from June 17, 2021, until March 31, 2022, when Claimant resigned from her position. *Id.* at 3. On April 7, 2022, Claimant applied for

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

unemployment benefits effective April 3, 2022. The Unemployment Compensation Service Center denied Claimant's application under Section 402(b) of the UC Law.[2] *Id.* at 54. Claimant appealed to the Referee.

On August 26, 2022, the Referee held a telephone hearing. *Id.* at 88. Claimant did not appear at the hearing. *Id.* The Referee took testimony and evidence from Employer. *Id.* Employer testified Claimant resigned from her position indicating it was too stressful, and she believed she was being harassed. *Id.* at 93. Employer explained Claimant received two Progressive Performance Improvements[3] for attempting to tell other rest area attendants how to perform their jobs. *Id.* Because she was not a lead employee, this was outside of Claimant's job duties. *Id.* at 94. She also received a "coaching" for her attendance after being tardy 27 times in a 6-month period. *Id.* Employer indicated if Claimant had not resigned, she would have continued to maintain employment with Employer. *Id.*

Following the hearing, the Referee affirmed the Unemployment Compensation Service Center's determination denying Claimant unemployment benefits. *Id.* at 98. The Referee found Claimant voluntarily quit her employment, and there was no evidence in the record to support a finding that Claimant's reason for leaving was of a necessitous and compelling nature. *Id.* As such, the Referee

---

[2] Section 402(b) of the UC Law, 43 P.S. § 802(b), provides that an employee is ineligible for unemployment compensation for any week where her unemployment is the result of her voluntary work departure without a necessitous and compelling cause.

[3] At the hearing, Employer explained the Progressive Performance Improvements (PPI) are Employer's attempts to ensure employees are aware of a problem before it becomes too serious and affects employment. C.R. at 94. The steps of the PPI include a "first coaching, a second coaching, a third coaching, verbal warning, written warning, three-day unpaid suspension, and then termination of employment." *Id.*

determined Claimant was ineligible for benefits under Section 402(b) of the UC Law. *Id.*

Claimant appealed to the Board. The Board remanded the matter to the Referee to accept testimony regarding Claimant's failure to appear. *Id.* at 164. Claimant testified she did not appear at the telephone hearing because the call came through from a "blocked" phone number, and her phone did not accept "blocked" calls. *Id.* Determining this to be good cause, the Board considered her testimony and evidence on the merits. *Id.*

Regarding the merits, Claimant testified she stopped working for Employer due to "a couple of different things." *Id.* at 153. Claimant indicated Employer asked her to work "two doubles" and it then took Employer three weeks to pay her the owed overtime pay. *Id.* Additionally, she testified other employees failed to do their jobs and properly clean the rest areas. *Id.* at 154. She indicated Employer gave her a "write-up" for asking those other employees to do their jobs. *Id.* Finally, Claimant explained the "final straw" before she resigned was that she was not paid an extra hour when she worked during daylight savings time. *Id.* at 156. Claimant indicated she emailed her supervisor and expressed that because he could not see it in his heart to give somebody an hour after they gave so much time, she was tired of fighting, and she quit. *Id.* at 157.

After the hearing, the Board issued its Order affirming the Referee's decision. The Board found Claimant received a written warning in August 2021 because she told other employees, whom she did not supervise, how to perform their jobs. *Id.* at 165. In December 2021, Claimant received a second written warning for being tardy over 20 times. *Id.* The Board determined that at some point, Employer paid Claimant incorrectly, but Employer corrected the error on a subsequent paycheck.

3

*Id.* The "final straw" before Claimant resigned was Employer not paying Claimant for an hour during daylight savings time. *Id.* However, the Board concluded Claimant worked a seven-hour shift, and Employer paid Claimant for seven hours. *Id.* The Board reasoned Claimant "not being paid for an hour she did not physically have to work is not a necessitous and compelling reason to quit." *Id.* at 165. The Board determined while Claimant

> characterize[d Employer] as harassing her, [she] did not meet her burden. Rather, [Employer] credibly testified that [Claimant] was written up twice, once for attendance and once for trying to tell other employees what to do (which was not part of her job duties). These instances do not rise to the level of harassment, and as such, benefits must be denied.

*Id.* at 165. Thus, the Board affirmed the Referee. Claimant now appeals to this Court.

## DISCUSSION

In reviewing a Board's order, this Court considers "whether the findings of fact were supported by substantial evidence, whether constitutional rights were violated, or whether errors of law were committed." *Showers v. Unemployment Comp. Bd. of Rev.*, 64 A.3d 1143, 1146 n.4 (Pa. Cmwlth. 2013). So long as the record, taken as a whole, contains substantial evidence to support the Board's findings of fact, those findings are conclusive. *Henderson v. Unemployment Comp. Bd. of Rev.*, 77 A.3d 699, 718 (Pa. Cmwlth. 2013). Substantial evidence is such "relevant evidence upon which a reasonable mind could base a conclusion." *Id.* Additionally, "[t]he Board is the ultimate fact finder and has exclusive power to resolve conflicts in the evidence and to decide witness credibility and the weight to be accorded the evidence." *Wise v. Unemployment Comp. Bd. of Rev.*, 111 A.3d 1256, 1262 (Pa. Cmwlth. 2015).

4

Under Section 402(b) of the UC Law, an employee is ineligible for unemployment benefits if she voluntarily quits her job without a necessitous and compelling cause. 43 P.S. § 802(b). This Court has explained a claimant bears the burden of proving her reason for voluntarily terminating her employment was due to a necessitous and compelling cause. *PECO Energy Co. v. Unemployment Comp. Bd. of Rev.*, 682 A.2d 58, 60 (Pa. Cmwlth. 1996). A necessitous and compelling cause is one that "results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner. *Taylor v. Unemployment Comp. Bd. of Rev.*, 378 A.2d 829, 832-33 (Pa. 1977). To satisfy this burden, a claimant must show (1) the existence of real and substantial pressure to terminate employment; (2) that a reasonable person would have acted in the same manner; (3) that the claimant acted with ordinary common sense; and (4) that the claimant exercised reasonable efforts to preserve her employment. *Greenray Indus. v. Unemployment Comp. Bd. of Rev.*, 135 A.3d 1147, 1151 (Pa. Cmwlth. 2016). Notably, "[m]ere dissatisfaction with one's working conditions does not constitute cause of a necessitous and compelling nature for terminating one's employment." *Brunswick Hotel & Conf. Ctr., LLC v. Unemployment Comp. Bd. of Rev.*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006). Moreover, where there are multiple causes, but none are compelling or necessitous, those reasons do not in combination become one qualifying cause. *Hostovich v. Unemployment Comp. Bd. of Rev.*, 414 A.2d 733, 735 (Pa. Cmwlth. 1980).

Here, Claimant argues that under Section 402(b) of the UC Law, she had necessitous and compelling reasons for leaving her employment. To support her argument, she reiterates the same factual allegations she made during the hearings

held before the Referee. However, the law is well established that the Board "is the ultimate finder of fact; questions regarding the weight of evidence and witness credibility are solely within its province." *Lowman v. Unemployment Comp. Bd. of Rev.*, 235 A.3d 278, 286 n.8 (Pa. 2020). Insofar as Claimant's allegations about her employment differed from Employer's, the Board rejected Claimant's testimony and accepted Employer's version of events. Based on the record in this case, taken as a whole, we conclude that substantial evidence existed to support the Board's findings of fact, and thus, we are bound by its findings.

The Board's findings establish that Claimant resigned after (1) Employer wrote her up for telling other employees how to do their jobs, which was beyond the scope of her job duties, (2) Employer wrote her up for tardiness issues, (3) Employer paid her an incorrect amount, which Employer corrected and resolved, and (4) Employer refused to pay her for an hour she did not work during daylight savings time. *See* C.R. at 165. Given these facts, we see no error in the Board's conclusion that Claimant voluntarily resigned from employment and failed to meet her burden of proving she left for a necessitous and compelling cause.

## CONCLUSION

For these reasons, we conclude Claimant did not prove she had necessitous and compelling reasons to voluntarily leave her employment, and the Board did not err in finding Claimant ineligible for unemployment benefits under Section 402(b) of the UC Law, 43 P.S. § 802(b). Accordingly, we affirm the Board's Order.

 

 

_____
STACY WALLACE, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tracey A. Fuller,               :
                 Petitioner   :
                               :
       v.                 : No. 1496 C.D. 2023
                               :
Unemployment Compensation   :
Board of Review,            :
                Respondent  :

# **O R D E R**

**AND NOW**, this 19th day of December 2024, the Unemployment Compensation Board of Review's September 28, 2023 order is **AFFIRMED**.

_____
STACY WALLACE, Judge
